**Richard Ray CREDILLE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8337.**

United States Court of Appeals
Tenth Circuit.

Dec. 16, 1965.

Guy Palmer Clark, Norman, Okl., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

Appellant is under three sentences, the first for bank robbery, the second for escape, and the third for perjury. He is now serving the first and does not attack it but does seek relief from the second and third. In such circumstances the 28 U.S.C. § 2255 remedy is not available but coram nobis is. See Williams v. United States, 10 Cir., 267 F.2d 559, 560, certiorari denied 361 U.S. 867, 80 S.Ct. 128, 4 L.Ed.2d 106.

On the escape charge, to which appellant pleaded guilty, the contention is that the evidence is insufficient because the escape was from a local sheriff and a county jail rather than from a federal official or institution. The information charged that appellant escaped from the Oklahoma county jail where he was in custody under process issued under the laws of the United States by a United States Commissioner. This was a violation of 18 U.S.C. § 751. The voluntary plea of guilty was an admission of all facts well pleaded and the judgment is not subject to collateral attack on the ground that as a factual matter the accused was not guilty of the offense charged. See Hoover v. United States, 10 Cir., 268 F.2d 787, 790; and Adam v. United States, 10 Cir., 274 F.2d 880, 882–883.

Appointed counsel does not push the attack on the perjury charge but appellant does in his pro se brief on the ground that as a convicted person serving a sentence he is not subject to the deterrent of prosecution for such an offense. See Diggs v. Welch, 80 U.S.App. D.C. 5, 148 F.2d 667, 670. The answer is that the controlling statute makes no exception in favor of such persons. See 18 U.S.C. § 1621.

Appellant was not entitled to an evidentiary hearing. His petition was insufficient as a matter of law to entitle him to any relief.

Affirmed.