UNITED STATES ex rel. Ronald R. FUTIA

v.

Frederick REINCKE, Warden, Connecticut State Prison.

Civ. No. 11830.

United States District Court
D. Connecticut.

Feb. 24, 1967.

BLUMENFELD, District Judge.

■ After his retained counsel advised him to plead guilty if the state's attorney would recommend a sentence of four to seven years to the court, Futia became disenchanted with his counsel, discharged him, had his plea of guilty erased and pleaded not guilty. Approximately six weeks after his first guilty plea, this time represented by appointed counsel, he again changed his plea to guilty whereupon he was convicted and sentenced to serve one year on the first count and five to seven years on the second count, making an effective sentence of not less than five nor more than eight years. That plea of guilty was a judicial admission of the facts alleged in the information, and when accepted and entered on the record, it was sufficient to support the judgment of conviction. United States ex rel. Boucher v. Reincke, 341 F.2d 977, 981 (2d Cir.1965).

■ He now claims that his counsel reported to him that the state's attorney would recommend a suspended sentence of two to four years and building on that he contends that he was wrongfully induced to plead guilty. However, an examination of the state court's file reveals that after the state court hearing on Futia's petition for a writ of habeas corpus, the court found that his court-appointed counsel never reported to him that the state's attorney would make a definite recommendation, and also that both attorneys at all times made it clear to him that any recommendation which the state's attorney might make would have no binding effect upon the sentencing judge.[1]

No reason is offered why these findings by the state court should not be accepted by this court. See 28 U.S.C. § 2254(d).[2] In the absence of any such reasons, this court is bound by the findings of fact made in the state court.

■ Since there is nothing to indicate that Futia's guilty plea was improperly obtained, there is no basis for a finding that he was deprived of any constitutional rights. See United States ex rel. Marinaccio v. Fay, 336 F.2d 272 (2d Cir.1964). Cf. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

■ Another point remains. It is suggested in the papers filed by the petitioner that he was denied the assistance of counsel of his own choice. It appears that not only were these New York counsel apparently not admitted to the bar of Connecticut, but also that the funds necessary to retain them were never forthcoming from the petitioner or his family. I do not pass upon the merits of that claim. Since it has not been presented to the state court, the pe-

1. No. 143925, Futia v. Reincke, Warden, Superior Court, Hartford County, Memorandum of Decision on habeas corpus, dated October 17, 1966.

2. In the case at bar, due in large part to the statutory presumption in 28 U.S.C. § 2254(d), as amended, 80 Stat. 1104 (1966), the facts here must be considered to be resolved. Since late 1966, § 2254(d) has read:
"(d) In any [federal habeas] proceeding * * *, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, * * * or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear [that certain specified deficiencies existed in the state habeas procedure]."

titioner's possible remedy on that ground has not been exhausted.

The petition is dismissed.

The papers may be filed without payment of costs.