UNITED STATES of America ex rel. Charles GARRETT

v.

H. E. RUSSELL, Supt.

Misc. No. 3663.

United States District Court E. D. Pennsylvania.

Jan. 23, 1968.

Charles Garrett, in pro. per.

OPINION AND ORDER

BODY, District Judge.

In 1962, the relator, Charles Garrett, pleaded guilty to the charge of murdering a seventy-two year old woman. A three-judge state court conducted a hearing to determine the degree of the offense and the appropriate sentence. Garrett was represented by counsel, who did not object when the Commonwealth introduced into evidence Garrett's signed confession of the crime. The three-judge court found Garrett guilty of first degree murder and sentenced him to life imprisonment. At the conclusion of the hearing, the Commonwealth's presecuting attorney stated in the record that if Garrett did not appeal, the Commonwealth would move to "nolle prosse" re-

maining bills of indictment (for assault and battery, burglary with intent to commit a felony, rape, etc.).

The relator did not appeal. However, in June 1966, he did file a petition under the Pennsylvania Post-Conviction Hearing Act. He alleged that the confession admitted into evidence had been involuntary and that his trial counsel had been incompetent. The state court did not order a hearing. After consideration of the petition, the Commonwealth's answer, and the record in the prior proceeding, the post-conviction court dismissed the relator's petition. On appeal to the Pennsylvania Supreme Court, the post-conviction court's order was unanimously affirmed. Commonwealth v. Garrett, 425 Pa. 594, 229 A.2d 922 (1967). On November 8, 1967 the relator was granted a hearing in this Court on his habeas corpus petition. Relator's request for court-appointed counsel was refused; he took the stand to testify and was cross-examined by the Commonwealth's attorney.

The petition rests essentially on three allegations: (1) that the relator was deprived of his right to appeal; (2) that the confession introduced at his trial was involuntary; and (3) that his counsel were so incompetent that he was deprived of due process.

1. *The Right to Appeal:*

█ It is clear from the record in the state proceedings that Garrett was informed of his right to appeal. N.T. 57. The only apparent reasons for his failure to appeal are his fear that the Commonwealth would then prosecute the other charges in the bills of indictment; and his fear that upon a retrial he might receive the electric chair sentence. Thus it would certainly not be unreasonable to conclude that Garrett knowingly waived his right to appeal. However, this issue clearly has never been presented to the state courts, and the relator therefore has not exhausted his available state remedies with respect to this particular contention. The issue is not properly before us for decision.

2. *Involuntary Confession:*

█ The relator was arrested on July 22, 1962 at 12:30 p. m. By 7:00 p. m. he had signed the statement introduced against him at trial. He was twenty-five years of age, had received a grammar school education, and had had considerable experience with the police and with the criminal courts.[1] His testimony in the trial court and his testimony before this Court indicated that he was not beaten nor threatened by the arresting and investigating officers, and that he was warned that anything he said could be used in court either for or against him. His conviction became final in 1963; thus neither Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) nor Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) is applicable. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). We do not believe that the record or the testimony of the relator before this Court can support his contention that the confession was involuntary. Furthermore, even if it could be found that the confession had been obtained by coercion, the relator would nevertheless not be entitled to relief. Neither he nor his lawyers objected to the introduction of the statement at trial, and Garrett pled guilty to the murder charge. A guilty plea knowingly and voluntarily entered is an admission of guilt which waives all non-jurisdictional defects and defenses. United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966); United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3d Cir. 1965). The relator has not alleged that the confession was substantially responsible for inducing the subsequent guilty plea, nor has he contended that the plea was not voluntary and in-

---

1. Garrett had suffered previous convictions for assault and battery with intent to rape, for corrupting the morals of a minor child, and for concealing a deadly weapon.

telligently entered. Indeed, the record in the state court proceedings clearly supports the conclusion that the guilty plea was a matter of trial strategy intended to secure a measure of clemency from the sentencing court. The lawyers informed the court and the relator of the reasons for their decision not to attack the confession. N.T. 56. The decision was binding on the relator and precludes consideration of the involuntariness of the confession. See Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

■ Nor can we accept the relator's contention that his guilty plea was rendered invalid by the fact that he could not remember committing the murder or any of the events occurring on the night in question. Indeed, the relator's failure to remember the crime was entirely consistent with the allegation in his confession that he was drunk when he raped and murdered the woman. When Garrett was arrested, he was wearing clothes heavily stained with human blood and semen; his face was scratched; he lived very near the woman who was murdered; he had been at prayer meetings at the woman's house; he had a history of convictions for violent sex crimes; and he had a neighborhood reputation for "going crazy" whenever he became drunk. Despite the fact that Garrett did not remember the crime, we think it entirely logical and reasonable that he would decide to plead guilty and to appeal to the mercy of the court.

3. *Incompetency of Counsel:*

■ Finally, relator Garrett alleges that by failing to object to the admission of his confession, by entering a plea of guilty when he could not remember the crime, and by "denying" him his right to appeal, the court-appointed counsel represented him so ineffectually that he was denied due process at his trial. There is no merit to the contention. The recital of the evidence against Garrett, supra, is convincing reason for the lawyers' decision to enter the guilty plea, which would necessarily preclude objec-

tion to the introduction of the confession. The lawyers produced substantial testimony as to Garrett's proclivity for violence when drunk, and also examined a witness who had seen the relator drunk earlier on the evening of the murder. Thus they directed their strategy and their energy to an attempt to negate the relator's intent and thereby reduce the degree of the offense and obtain less severe punishment. The strategic decision was eminently reasonable under the circumstances.

Nor did the appointed counsel in any way "deny" the relator's right to an appeal. That he was aware of the right is clear from the record. The attorneys merely obtained for him an additional advantage if he did *not* appeal, i. e., nolle prosse of the remaining bills of indictment. The relator apparently chose that advantage as preferable to the limited appeal available to one who pleads guilty.

### ORDER

And now, this twenty-third day of January, 1968, it is ordered that the petition of Charles Garrett for a writ of habeas corpus will be and hereby is denied.