William Isaac DAVIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9747.

United States Court of Appeals Tenth Circuit.

April 5, 1968.

Rehearing Denied April 30, 1968.

---

William Isaac Davis, pro se.

Before MURRAH, Chief Judge, and SETH, Circuit Judge.

PER CURIAM.

This is an appeal from an order denying the motion to vacate brought pursuant to 28 U.S.C. § 2255. Appellant contends that his plea of guilty was not voluntarily, intelligently and competently entered because he was under the influence of narcotics when he entered his plea of guilty and because he had not been advised that the mandatory minimum sentence for a second narcotic offense precluded probation or parole.

The district court conducted a full evidentiary hearing at which the appellant testified that he was under the influence of narcotics when he entered the plea. A Deputy United States Marshal testified that the appellant was suffering from apparent withdrawal symptoms the following day. It was also stipulated that two additional witnesses, Myrna Jean Stites and Noland Yates, would testify that Davis was a constant user of narcotics and had used them the day prior to sentencing. The government witness, a psychiatrist, testified that a narcotics addict while under the influence of narcotics could be capable of understanding the proceedings against him and could enter an intelligent plea to a criminal charge. Based on this testimony and the court's recollection of appellant's demeanor at trial and at prior section 2255 proceedings, the court concluded that the plea of guilty was voluntarily, intelligently and competently entered. We have reviewed the entire record and are satisfied that the evidence clearly supports the finding that Davis was competent to enter his plea of guilty.

Appellant also attempts to question the sufficiency of the evidence which the government intended to use had he proceeded to trial. Questions of sufficiency of the evidence are not reviewable in a proceeding of this type, Carrillo v. United States, 332 F.2d 202 (10th Cir. 1964) and appellant's "voluntary plea of guilty was an admission of all facts well pleaded and the judgment is not subject to collateral attack on the grounds that as a factual matter the accused was not guilty of the offense charged." Credille v. United States, 354 F.2d 652 (10 Cir. 1965).

Affirmed.