**People of the State of Illinois, Plaintiff-Appellee, v. William E. Johnson, Defendant-Appellant.**

Gen. No. 66–57.

Fifth District.

May 27, 1968.

Haig Apoian, of East St. Louis, for appellant.

John M. Karnes, Jr., State's Attorney, of Belleville, for appellee.

PER CURIAM.

Defendant appealed from the judgment of the Circuit Court of St. Clair County entered upon his plea of guilty to the offense of Involuntary Manslaughter (c 38, § 9–3, Ill Rev Stats). This court reviewed the record without assistance of counsel and affirmed the judgment.[1] Defendant appealed to the Supreme Court which vacated the judgment and remanded the cause to this court, with directions to appoint counsel and hear the appeal.[2]

In compliance with the mandate of the Supreme Court, this court appointed counsel to represent the defendant. Counsel has filed a verified motion to withdraw wherein he states that upon a thorough review of the record and the authorities, he is convinced that there are no errors shown in the trial court proceedings which would warrant reversal of the judgment. Counsel has also filed a comprehensive memorandum in which he reviews the record, and cites and discusses the relevant authorities.

In compliance with Anders v. State of California, 386 US 738, 87 S Ct 1396, the clerk of this court furnished defendant a copy of the motion and memorandum, and advised him that he could raise any points which he chose to call to the attention of this court.

---

[1] People v. Johnson, 74 Ill App2d 208, 219 NE2d 774.

[2] People v. Johnson, 38 Ill2d 348, 231 NE2d 396.

Defendant has filed a letter in which are set forth several matters which he contends demonstrate that the judgment of guilty was erroneously entered, and he was improperly sentenced.

In our prior opinion we reviewed what is reflected by the record, and there is no necessity to repeat it here. We have again reviewed the record, and find nothing which leads us to depart from the conclusions previously reached.

The "points" raised by defendant, with two exceptions, represent an attempt to argue that the evidence does not support a finding that defendant was guilty of the offense charged. As previously stated, it is our opinion that the record reflects that defendant, after proper admonition, and fully cognizant of his rights, pleaded guilty to the charge as set forth in the indictment. A plea of guilty voluntarily and understandingly entered, admits every material fact alleged in the indictment and all elements of the crime with which the defendant is charged and obviates the need for any proof whatsoever. People v. Baxton, 10 Ill2d 295, 139 NE2d 754.

Defendant contends that the evidence adduced at the hearing on aggravation and mitigation does not support the sentence. This contention was reviewed in our prior opinion and requires no further discussion here.

The remaining contention must be construed to charge that defendant was not adequately represented and was induced to plead guilty by the misrepresentations of the Public Defender. Our review of this appeal is limited to what appears of record, People v. Jackson, 28 Ill2d 37, 39, 190 NE2d 823; People v. Rogers, 26 Ill2d 599, 603, 188 NE2d 22; and these charges do not find support in the record. Although the People v. Thomas, 38 Ill2d 321, 231 NE2d 436, holds that the question of whether an accused's plea of guilty resulted from intimidation and

misrepresentation by counsel, may be reviewed under the Post-Conviction Hearing Act, it does not enlarge the scope of review by this court to include matters dehors the record.

The motion to withdraw is allowed, and the court thanks appointed counsel for his services. In view of the conclusions reached the court does not appoint other counsel, and the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

