**UNITED STATES of America ex rel. Ronald FUTIA, Petitioner-Appellant,**

v.

**Frederick G. REINCKE, Warden, Connecticut State Prison, Respondent-Appellee.**

**No. 517, Docket 31328.**

United States Court of Appeals
Second Circuit.

Submitted June 4, 1968.

Decided June 5, 1968.

Gretchen White Oberman, Anthony F. Marra, New York City, for petitioner-appellant.

Joseph T. Gormley, Jr., Asst. State's Atty., Otto J. Saur, State's Atty. for Fairfield County, Conn., for respondent-appellee.

Before WATERMAN and FEINBERG, Circuit Judges, and ZAMPANO, District Judge.*

PER CURIAM:

Appellant was convicted in a Connecticut state court, upon his plea of guilty, of two counts of robbery with violence. He was sentenced to serve five to eight years in state prison. While serving that sentence he petitioned the state court to be released on a writ of habeas corpus. He alleged that he pleaded guilty after having been told by his court-appointed counsel, the Public Defender, that if he did so he would receive a sentence of from two to four years suspended, but if he didn't choose to so plead his trial would be conducted by "a different judge, one who had a reputation for severity, and that he could expect, if found guilty, twenty-five years."

He was given a hearing on the merits of his claim, at which petitioner testified to the truth of his allegations. This testimony was corroborated in part by petitioner's brother. The Public Defender denied making any promise to petitioner that if he pled guilty he would receive a two to four year suspended sentence, but admitted that he had talked with petitioner about sentences and about the reputation that the mentioned judge had among defendants.

The state court judge, after that hearing, found that petitioner's plea of guilty was a voluntary one and dismissed the petition. A certification to the Connecticut Supreme Court was denied.

Appellant then petitioned the United States District Court for the District of Connecticut—seeking a release upon a federally issued writ of habeas corpus on the ground that his federally guaranteed constitutional rights had been violated. This petition was dismissed without the taking of testimony, for, after examining the state court record, the district judge relied thereon, and held that the petitioner had "offered no reason why these findings by the state court should not be accepted." A memorandum opinion, 287 F.Supp. 100, was filed in which, *inter alia*, the judge pointed to the congressionally created presumption in 28 U.S.C. § 2254(d) as amended, 80 Stat. 1104 (1966). A certificate of probable cause was granted, and this appeal followed.

Substantially for the reasons set forth in the district court's memorandum, we affirm the disposition below.

* Of the District of Connecticut, sitting by designation.