Commonwealth *v.* McGinty et al., Appellants.

Submitted June 10, 1968.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and HANNUM, JJ.

*Mervyn R. Turk,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney,
for Commonwealth, appellee.

OPINION PER CURIAM, September 12, 1968:
Appellants pleaded guilty with the aid of counsel,
to charges of burglary on July 10, 1967.   They were

sentenced to two and one half to five years on Bill No. 477 June Sessions, 1967, and sentence was suspended on all others bills of indictment.

Appellants subsequently filed petitions under the Post Conviction Hearing Act, alleging, *inter alia,* that their pleas of guilty were not intelligently and knowingly entered, and that they were not apprised of their right to appeal.

Hearings were held on February 23, 1968 on the petitions, and both appellants were represented by counsel. At the conclusion of the hearings, the lower court entered an order denying the petitions.

The appellants allege on appeal that property was illegally taken from their automobile without a search warrant, and that certain statements were obtained in the absence of counsel. Since appellants pleaded guilty, they waived all nonjurisdictional defenses, and these issues, therefore, cannot be raised on appeal. *Commonwealth ex rel. Smart v. Myers,* 424 Pa. 315, 316, 227 A. 2d 831 (1967).

The appellants further contend that their pleas were not voluntarily entered. The transcript of the trial shows that the appellants made their pleas after consultation with their respective counsel, and that the pleas were made willingly. The record and order of the post-conviction hearing further indicates that the lower court found the pleas to have been intelligently entered. Although the hearing judge failed to state this in opinion form, his order, in light of the record, directly implies that he found the pleas to have been voluntarily entered.

Although there is some doubt on the record whether appellants were apprised of their appellate rights, there is nothing for our Court to review on direct appeal in this case beyond the validity of the plea and the legality of the sentence. *Commonwealth v. Stokes,*

426 Pa. 265, 232 A. 2d 193 (1967). Since we find that the sentences were proper and the pleas were voluntarily given, the order of the lower court is affirmed.

Orders affirmed.