**Charlie Lee STREETS, Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Appellee.**

No. 25982.

United States Court of Appeals Fifth Circuit.

Oct. 15, 1968.

Charlie Lee Streets, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

Charlie Lee Streets appeals from the denial, without an evidentiary hearing, of his petition for writ of habeas corpus. We reverse and remand.

He was convicted upon his plea of guilty of rape and sentenced to serve 99 years. There was no direct appeal. His Rule One motion was denied without a hearing and affirmed on appeal.

As to the grounds urged here, State remedies have been exhausted. The issue presented is whether the allegations of the petition were such as to require a hearing on whether appellant's plea of guilty was coerced.

In his federal petition, and in an attached "brief," appellant alleges that he was "coerced to plead guilty in a capital punishment case for rape by being beaten several times mistreated, threatened and harased [sic]." Appellant also alleges that his guilty plea was the result of attorneys promising him that he would not receive more than 10 years imprisonment. He argues in this court that such promises were made by the state's attorney.

 The District Court denied relief without an evidentiary hearing, stating that "he fails to plead any facts whatsoever, and the pleading of mere conclusions is insufficient to sustain the granting of the writ of habeas corpus." The District Court could have, but did not order appellant to allege his facts in greater detail. Dismissal is not proper if the allegations are such as to raise a factual issue concerning whether or not the plea was coerced. Upon allegations not significantly distinguishable from appellant's, this court previously has reversed and remanded for evidentiary hearing. Carpenter v. Wainwright, 5 Cir. 1967, 372 F.2d 940; Murphy v. Wainwright, 5 Cir. 1967, 372 F.2d 942.

A plea of guilty, if voluntarily and understandingly made, is conclusive as to defendant's guilt. It is an admission of all the facts charged, and waives all nonjurisdictional defects in the prior proceedings against the defendant. A conviction based upon a plea of guilty is invalid, however, as inconsistent with due process of law, if the plea was involuntary or coerced. Busby v. Holman, 5 Cir. 1966, 356 F.2d 75; Murphy v. Wainwright, supra; Broxson v. Wainwright, 5 Cir. 1967, 372 F.2d 944; Carpenter v. Wainwright, supra. Allegations sufficient to raise a material factual issue concerning the voluntariness of a guilty plea require a hearing. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Bell v. Alabama, 5 Cir. 1966, 367 F.2d 243.

Appellee argues that the order of dismissal should be affirmed because appellant's factual allegations are patently unbelievable. See, Edge v. Wainwright, 5 Cir. 1965, 347 F.2d 190. The District Court did not base its dismissal on this ground, nor does this court believe that the rule stated in *Edge* would be applicable. We need not and do not express any opinion on the "patently unbelievable" rule. It is sufficient to say that the District Court is not free to disregard allegations in a petition simply because they seem unbelievable.

We hold that the factual allegations under the dictates of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Carpenter v. Wainwright, supra; and Murphy v. Wainwright, supra, centering on the claim of a coerced plea of guilty, warranted a plenary hearing.

Except as to the allegations of systematic exclusion of Negroes from the grand jury which indicted appellant (a ground upon which State courts have not ruled), the order denying the petition for writ of habeas corpus is reversed and remanded for further proceedings not inconsistent herewith.

Reversed and remanded.