452 P.2d 54

**Dennis Guy CLARK, Applicant-Appellant,**

**v.**

**The STATE of Idaho, Defendant-Respondent.**

**No. 10291.**

Supreme Court of Idaho.

March 17, 1969.

Gordon S. Nielson, Minidoka County Public Defender, Burley, for appellant.

Allan G. Shepard, Atty. Gen., and Denison E. Smith, Asst. Atty. Gen., Boise, Larry R. Duff, Pros. Atty., and Donald J. Chisholm, Deputy Pros. Atty., Minidoka County, Rupert, for appellee.

DONALDSON, Justice.

Applicant (appellant) Dennis Guy Clark brought this action for post-conviction relief from a judgment in which he was found, *inter alia*, to come within the status of persistent violator of the law. Appellant alleged by petition that in December, 1967, in Minidoka County, he had pleaded not guilty to a charge of escape [1] and of being a persistent violator of the law.[2] Subsequently Clark changed his plea to guilty of escape and admitted his status of being a persistent violator of the law. He was then sentenced by the court to a term of imprisonment "not to exceed life." He further alleged that he was represented by an attorney at the time of arraignment, at the time he admitted his prior convictions, and at the time of sentencing. No claims are made by appellant that counsel was incompetent, that there was insufficient time to prepare a defense, that the plea was in any manner involuntary, that he was unaware of the nature of the charges made against him, or that he failed to understand the consequence of the plea of guilty and admitting he was a persistent violator. The only ground for relief alleged by the application was that appellant should not have been found to be a persistent violator for the reason that one of the former convictions pleaded in the information was invalid. The former conviction in question, also for the crime of escape, was rendered in Cassia County in 1965. According to appellant he had been denied his right to a speedy trial in the Cassia County proceedings. Parenthetically we observe that the application was prepared by petitioner. Counsel thereafter was appointed, who could have amended the petition, had he and the applicant decided that the facts and the law necessitated such revision.

June 4, 1968, the prosecuting attorney moved to have the application dismissed. After a hearing, at which arguments on the motion were heard but no evidence introduced and at which Clark was represented by counsel, the court issued an order granting the motion to dismiss. The order, dated June 18, bore a handwritten notation that it would become final July 8. On July 8 a further order was entered making the June 18 order final.

---

1. "18-2505. Escape by one charged with or convicted of felony.—Every prisoner charged with or convicted of a felony who is confined in any jail or prison including the state penitentiary for a term of less than life, or who while outside the walls of such jail or prison in the proper custody of any officer or person, or while at work in any factory, farm or other place without the walls of such jail or prison, who escapes or attempts to escape from such officer or person, or from such jail or prison, or from such factory, farm or other place without the walls of such jail or prison, shall be guilty of a felony, and upon conviction thereof, any such second term of imprisonment shall commence at the time he would otherwise have been discharged." I.C. § 18-2505.

2. "19-2514. Persistent violator—Sentence on third conviction for felony.— Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to imprisonment in the state penitentiary for not less than five years and said imprisonment may extend to life." I.C. § 19-2514.

The applicant now appeals to this court from the decision of the district court.

■■■■■ An application for post-conviction relief is a special proceeding, civil in nature. Idaho Const., art. 5, § 1; Uniform Post-Conviction Procedure Act, I.C. §§ 19–4901(b), 19–4907; Pulver v. State, 92 Idaho 627, 448 P.2d 241 (1968). The petitioner has the burden of proving by a preponderance of the evidence the allegations which he contends entitle him to relief. Tramel v. State, 92 Idaho 643, 448 P.2d 649 (1968). Until the allegations are controverted, they are deemed true; a motion to dismiss unsupported by affidavits or other materials, does not controvert the allegations in the petition. Tramel v. State, supra. It is not error to dismiss an application without affording an evidentiary hearing if the allegations, though uncontroverted, do not entitle applicant to relief. I.C. § 19–4906; Tramel v. State, supra; Walker v. State, 92 Idaho 517, 446 P.2d 886 (1968). In considering an application for post-conviction relief, the court looks to the substance and disregards defects of form. I.C. § 19–4906.

■■■ The issue on appeal, then, is whether the petition alleged facts which, if true, would entitle Clark to relief.

In Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), James Oyler and Paul Crabtree were serving life sentences imposed under a West Virginia habitual criminal statute. Each petitioned the Supreme Court of Appeals of West Virginia for a writ of habeas corpus, and each was denied relief. The Supreme Court of the United States granted certiorari.

Oyler was convicted of second degree murder on February 5, 1953. On February 11, the prosecuting attorney was granted leave to file an information alleging Oyler to be the same person who was thrice previously convicted of crimes which were punishable by confinement in a penitentiary. The same day Oyler, who was cautioned as to the effect of the information and who was accompanied by counsel, admitted in open court that he was the person so named by the information. On the basis of the acknowledgement, the court sentenced him to life imprisonment. Oyler attacked the life sentence on the ground of denial of due process, in that he had not received advance notice of the recidivist prosecution and thus was prevented from showing the inapplicability of the habitual criminal law. The ground which would have been presented, had there been adequate notice, was that Oyler, though convicted of crimes subjecting him to the possibility of sentence in a penitentiary, never had been so sentenced.

Crabtree pleaded guilty in 1957 to a forgery charge. A week later the prosecuting attorney informed the trial court that Crabtree had been convicted previously of two felonies, once in Washington State and once in West Virginia. Crabtree, who also was represented by counsel, admitted the prior convictions and was sentenced to life imprisonment. Crabtree thereafter claimed denial of due process because the absence of notice of the recidivist charge prevented him from proving he had never been convicted in Walla Walla County, Washington, as alleged by the information.[3]

The Supreme Court affirmed the enhanced punishments under the recidivist statute. In reaching its decision, the majority stated:

"\* \* \* notice of the State's invocation of the statute is first brought home to the accused when, after conviction on the substantive offense but before sentencing, the information is read to him in open court as was done here. At this point petitioners were required to plead to the information \* \* \*.

"But the petitioners, who were represented by counsel, neither denied they were the persons named nor remained silent. Nor did they object or seek a continuance on the ground that they had not received adequate notice and needed more

---

3. The issue of equal protection of the laws was also raised by each petitioner, but is not relevant to the facts in the case before us.

time to determine how to respond with respect to the issue of their identity. Rather, both petitioners rendered further inquiry along this line unnecessary by their acknowledgments in open court that they were the same persons who had previously been convicted. In such circumstances the petitioners are in no position now to assert that they were not given a fair opportunity to respond to the allegations as to their identity.

"They assert, however, that they would have raised other defenses if they had been given adequate notice of the recidivist charges. * * * Indeed, we may assume that any infirmities in the prior convictions open to collateral attack could have been reached in the recidivist proceedings, either because the state law so permits or due process so requires. But this is a question we need not and do not decide, for neither the petitioners nor their counsel attempted during the recidivist proceedings to raise the issues which they now seek to raise or, indeed, any other issues. They were not, therefore, denied the right to do so. The petitioners' claim that they were deprived of due process because of inadequate opportunity to contest the habitual criminal accusation must be rejected in these cases. Each of the petitioners had a lawyer at his side, and neither the petitioners nor their counsel sought in any way to raise any matters in defense or intimated that a continuance was needed to investigate the existence of any possible defense. On the contrary, the record clearly shows that both petitioners personally and through their lawyers conceded the applicability of the law's sanctions to the circumstances of their cases." 368 U.S., at 453, 454, 82 S.Ct. at 504, 505 (footnote omitted).

The dissent in *Oyler* argued that petitioners were not given adequate notice of the recidivist charges, did not have time to prepare defenses thereto, and hence were deprived of due process. Presumably, if proper notice had been given, the dissenting justices would have agreed with the majority opinion. In Dennis Clark's case, however, it is not alleged that there was a failure to give proper notice of the charge.

■■ The right to a speedy trial in this jurisdiction long has been guaranteed by the Constitution of the State of Idaho. Idaho Const., art. 1, § 13; see I.C. § 19–3501. It existed prior to the application of the 6th Amendment of the United States Constitution to the states through the vehicle of the due process clause of the 14th Amendment. See Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The State Constitution was approved by Congress in 1890. Idaho Admission Bill, 26 Stat.L. 215, ch. 656. The section therein concerning right to speedy trial was declarative of a pre-existing common law right. Ellenwood v. Cramer, 75 Idaho 338, 272 P.2d 702 (1954). Hence it cannot be contended, absent incompetence of counsel, that appellant's attorney at the recidivist hearing did not know of the existence in Idaho of the right to a speedy trial. Furthermore, the petition indicates that appellant himself knew of the right to speedy trial as early as March, 1963. As stated in the *Oyler* case, it is implicit in the concept of due process that infirmities in the prior convictions (if otherwise open to collateral attack) can be attacked at a recidivist hearing. Likewise it is implicit in a number of Idaho cases that one may attempt to attack the validity of prior convictions at a recidivist trial. See, e. g., State v. Webb, 76 Idaho 162, 279 P.2d 634 (1955); State v. O'Dell, 71 Idaho 64, 225 P.2d 1020 (1950); State v. Prince, 64 Idaho 343, 132 P.2d 146 (1942); State v. Dunn, 44 Idaho 636, 258 P. 553 (1927); State v. Poynter, 34 Idaho 504, 205 P. 561, 208 P. 871 (1921). Nevertheless appellant with the assistance of counsel admitted in open court his status of persistent violator of the law.

■ We must emphasize again that the application for relief from the enhanced punishment as a persistent violator did not allege incompetence of counsel at the recidivist hearing or insufficient notice of the charge. Neither the plea nor the jurisdic-

832

tion of the trial court has been attacked. I.C. § 19–4903 requires that the application " * * * specifically set forth the grounds upon which the application is based * * *." "All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application * * *." I.C. § 19–4908. In looking at the application, therefore, we presume regularity as to matters not alleged to have been irregular. Cf. Burge v. State, 90 Idaho 473, 413 P.2d 451 (1966).

Under the reasoning of the United States Supreme Court in *Oyler*, it is apparent that appellant's uncontroverted allegations, though presumptively true, did not present grounds for relief. The district court, consequently, did not err in dismissing the application without a hearing.

While the determination of this appeal is controlled by the *Oyler* decision, it should also be pointed out that by another line of reasoning supported by numerous recent cases from various jurisdictions the same conclusion is reached. As we have seen, appellant pleaded guilty in Minidoka County to the crime of escape and to the status of persistent violator. He was represented by counsel and has not alleged any defect in the plea. A valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings. See, e. g., Streets v. Wainwright, 402 F.2d 87 (5th Cir. 1968); Picard v. Allgood, 400 F.2d 887 (5th Cir. 1968); Askew v. Alabama, 398 F.2d 825 (5th Cir. 1968); Abram v. United States, 398 F.2d 350 (3rd Cir. 1968); Henderson v. United States, 395 F.2d 209 (5th Cir. 1968); Corn v. Oklahoma, 394 F.2d 478 (10th Cir. 1968), cert. denied, 393 U.S. 917, 89 S.Ct. 245, 21 L.Ed.2d 203 (1968); Litton v. Beto, 386 F.2d 820 (5th Cir. 1967); Atkins v. Kansas, 386 F.2d 819 (10th Cir. 1967); Reed v. Henderson, 385 F.2d 995 (6th Cir. 1967); Bee v. Beto, 384 F.2d 925 (5th Cir. 1967); Stover v. Coiner, 290 F.Supp. 852 (N.D.W.Va.1968); United States ex rel. Piracci v. Follette, 284 F.Supp. 267 (S.D. N.Y.1968); United States ex rel. Garrett v. Russell, 281 F.Supp. 104 (E.D.Pa.1968); Rhodes v. White, 280 F.Supp. 285 (E.D. La.1968); Vann v. State, 214 So.2d 925 (Ala.Ct.App.1968); People v. Page, 38 Ill. 2d 611, 232 N.E.2d 689 (1967), cert. denied, 392 U.S. 941, 88 S.Ct. 2321, 20 L.Ed.2d 1402 (1968); Cookson v. State, 237 A.2d 589 (Me.1968); State v. Byrd, 79 N.M. 13, 439 P.2d 230 (1968); Commonwealth v. McGinty, 213 Pa.Super. 156, 245 A.2d 724 (1968); Commonwealth v. Knapp, 212 Pa.Super. 560, 243 A.2d 179 (1968); State ex rel. Lawrence v. Henderson, 433 S.W.2d 96 (Tenn.Crim.App.1968); State ex rel. George v. Henderson, 432 S.W.2d 492 (Tenn.Crim.App.1968). The issue of the right to speedy trial is non-jurisdictional in nature. Fowler v. United States, 391 F.2d 276 (5th Cir. 1968); see, United States v. Doyle, 348 F.2d 715 (2d Cir. 1965), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed. 2d 84 (1965); Pate v. United States, 297 F. 2d 166 (8th Cir. 1962), cert. denied, 370 U. S. 928, 82 S.Ct. 1569, 8 L.Ed.2d 507 (1962). A valid guilty plea is a judicial admission of all facts charged by the indictment or information. See, e. g., Streets v. Wainwright, *supra*; Picard v. Allgood, *supra;* Crow v. United States, 397 F.2d 284 (10th Cir. 1968); Litton v. Beto, *supra*; Reed v. Henderson, *supra;* Bee v. Beto, *supra;* Stover v. Coiner, *supra;* United States ex rel. Futia v. Reincke, 287 F.Supp. 100 (D. Conn.1967), aff'd, 397 F.2d 778 (2d Cir. 1968); In re Hawley, 67 Cal.2d 824, 63 Cal. Rptr. 831, 433 P.2d 919 (1967); Arenstein v. California State Board of Pharmacy, 71 Cal.Rptr. 357 (Dist.Ct.App.1968); People v. Johnson, 94 Ill.App.2d 459, 237 N.E.2d 545 (App.Ct.1968); Wisely v. State, 201 Kan. 377, 440 P.2d 632 (1968); State v. Armstrong, 433 S.W.2d 270 (Mo.1968); State ex rel. Lawrence v. Henderson, *supra;* State ex rel. George v. Henderson, *supra;* Bendaw v. State, 429 S.W.2d 506 (Tex.Crim.App.1968). A valid plea of guilty is conclusive as to guilt. See, e. g., Streets v. Wainwright, *supra*; Stover v. Coiner, *supra;* Martin v. Henderson, 289 F.Supp. 411 (E.D.Tenn.1968). It is a waiver of trial, State v. Delano, 161 N.W.

2d 66 (Iowa 1968), and obviates the necessity of the prosecution coming forward with evidence. See, e. g., Coiner v. Stover, *supra;* State v. Delano, *supra;* Forthoffer v. Swope, 103 F.2d 707 (9th Cir. 1939); Blann v. Director, Patuxent Institution, 5 Md.App. 428, 247 A.2d 762 (Ct.Spec.App. 1968); State v. Armstrong, *supra;* State v. Sellers, 273 N.C. 641, 161 S.E.2d 15 (1968); cf. United States ex rel. Laughlin v. Russell, 282 F.Supp. 106 (E.D.Pa.1968). A conviction had on a valid plea of guilty is not subject to collateral attack on the ground that as a factual matter the accused was not guilty of the offense charged. See, e. g., Crow v. United States, *supra;* Davis v. United States, 392 F.2d 291 (10th Cir. 1968); Credille v. United States, 354 F.2d 652 (10th Cir. 1965).

In order to prove the status of recidivism, it is not enough that the state show two prior convictions. Rather, the prosecution must prove two *valid* prior convictions. Oyler v. Boles, *supra;* Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); cf. I.C. § 19–2514. By admitting in open court in Minidoka County that he was the person twice previously convicted, appellant obviated the necessity of the state putting on its proof. Now, in effect, appellant is arguing that as a factual matter the state could not have proved the two valid prior convictions alleged, since one of them purportedly was obtained illegally. As the cases cited herein illustrate, such a collateral attack on the sufficiency of the evidence (had the state been required to produce evidence) is not permissible in a habeas corpus or post-conviction proceeding relating to a conviction based upon a valid plea of guilty. Cf. I. C. § 19–4908.

Respondent State of Idaho has argued that the application should have been made to the Fifth District Court for Cassia County, since the alleged procedural defects occurred in that jurisdiction. Post-conviction proceedings are commenced by filing application with the clerk of the district court in which the conviction took place, I. C. § 19–4902. The application is heard in the district court where the conviction was obtained I.C. § 19–4907 (a). Appellant's petition attacked only the enhanced punishment he received on the Minidoka County conviction because of his status of persistent violator. The persistent violator statute does not create a new crime, but merely provides for greater punishment, for the latest conviction, than that which might have been inflicted had there not been two prior convictions. See In re Bates, 63 Idaho 748, 125 P.2d 1017 (1942); cf. I.C. § 19–2514; State v. Johnson, 86 Idaho 51, 383 P.2d 326 (1963). Hence Clark's petition was directed against the Minidoka County conviction. The Minidoka County District Court was the proper forum to hear and determine the issue. The fact that underlying defects, if any, happened in another jurisdiction does not change the forum.

In the interests of procedure, we deem it appropriate to observe that in the instant case and in numerous other cases before us on appeal, neither the district courts nor the attorneys have complied with Supreme Court Rule 35 which states:

"Rule 35. Certificate as to Papers used on Contested Motion.—The transcript or record on appeal shall show that there is attached to or made a part of it all orders made by the judge disposing of a motion for a new trial, or any other contested motion, and all judgments on appeal from a board, commission, or inferior court, a certificate substantially as follows, signed by the judge, clerk, or attorneys, to-wit: 'It is hereby certified that the following papers, to-wit: ——————— all of which are of the records or files in this case, were submitted to the judge and by him used on the hearing of the motion for a new trial (or any other such hearing), and constitute all the records, papers, and files used or considered by said judge on such hearing.' "

Failure to comply with Rule 35 could result in dismissal of the appeal. Supreme

Court Rules, Rule 31. Dismissal of the appeal is not necessary in this instance, since examination of the record on appeal was not obstructed by the omission.

Judgment affirmed.

McFADDEN, C. J., McQUADE, and SPEAR, JJ. and NORRIS, D. J., concur.