**UNITED STATES of America ex rel.
Walter E. McGINTY**

v.

**COMMONWEALTH OF PENN-
SYLVANIA.**

Misc. No. 69–118.

United States District Court
E. D. Pennsylvania.

June 4, 1969.

Walter E. McGinty, in pro. per.

Stephen J. McEwen, Jr., Dist. Atty. of Delaware County, Media, Pa., for respondent.

## OPINION

LUONGO, District Judge.

Relator, Walter E. McGinty, is presently serving a 2½ to 5 year sentence for burglary imposed by the state court following a guilty plea. He was represented by counsel prior to and at the time of the entry of the guilty plea on June 29, 1967 and at the time of sentencing on July 10, 1967.

In this petition for writ of habeas corpus McGinty charges that his guilty plea was entered in violation of his constitutional rights in that

1. he was not advised of his right to have counsel during interrogation by the police;

2. a confession was improperly obtained from him;

3. his guilty plea was unlawfully induced;

4. the state court did not determine, before accepting the guilty plea, that it was given voluntarily and intelligently; [1] and

---

1. He actually charged failure to comply with Rule 11 of the Federal Rules of Criminal Procedure which, of course, is not applicable to state courts. Liberally con-

5. he was not advised of his right to appeal.

All the issues sought to be raised here were raised in Post Conviction proceedings filed in the state court. After an evidentiary hearing, the petition was denied. The ruling was affirmed on appeal.[2] Relator has, therefore, exhausted state remedies.

 Since a full and fair hearing has been afforded in the state court, the within charges may be disposed of without evidentiary hearing in this court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The state court records reveal that relator and his brother, Francis, were arrested on the premises of a plumbing supply company at 3:24 a. m. on April 25, 1967 by a Lt. Ward, a sergeant and two patrolmen of the Springfield Township police. Relator's automobile, containing $745 worth of materials belonging to the plumbing supply company, was found on the company's parking lot. The brothers were taken to the Springfield Township police station where they were questioned. While at the police station relator was informed that finger prints matching his were found at the site of a burglary at a plumbing supply company in Newtown Township. Both relator and his brother then gave statements admitting the burglary in Springfield Township and two others in Newtown Township.

Relator's charges will be considered seriatim:

 1. *Failure of police to advise of constitutional rights before interrogation.*

At the Post Conviction hearing relator testified that he requested and was denied permission to telephone counsel. That testimony was contradicted by Lt. Ward who testified that he advised relator of his constitutional rights before questioning him, and that he permitted relator to make a telephone call. Lt. Ward's testimony was corroborated in part by relator's trial counsel who testified that relator had told him that the police had advised him of his constitutional rights. There was thus ample evidence to support the state Post Conviction court's conclusion[3] that McGinty's rights, in that regard, were not violated.

2. *Confession improperly obtained.*

Relator's charge that his confession was coerced is based entirely on the ground that he was not advised of his constitutional rights and was not permitted to make a telephone call before giving the incriminating statement. Since those factual issues were obviously resolved against him, the charge of coercion must likewise fall.

3. *Guilty plea unlawfully induced.*

 As to the contention that the guilty plea was unlawfully induced by an invalid confession, first, the state Post Conviction hearing established that relator was warned of his right to remain silent and of his right to counsel before he gave his statement to the police. Second, even if the confession had been invalidly obtained, there is no support in relator's petition or in the evidence adduced at the Post Conviction hearing that the guilty plea was induced by the confession.

strued, however, relator's claim raises the question of the sufficiency of the court's inquiry as to the voluntariness and intelligence of the plea.

2. Order of lower court affirmed per curiam. Commonwealth v. McGinty, 213 Pa.Super. 156, 245 A.2d 724 (1968). Allocatur denied by the Pennsylvania Supreme Court on November 5, 1968.

3. It is regrettable that the hearing judge made no specific findings. Ordinarily the

absence of such findings would have required, at the least, an evidentiary hearing by this court. In this case, however, the state hearing court's ultimate conclusion that relator's constitutional rights were not violated necessarily includes a finding that relator was warned of his constitutional rights, a finding which, as noted above, is amply supported by the record.

**652**

4. *Court's failure to inquire into voluntariness and intelligence of plea.*

██ Relator's contention of lack of inquiry concerning his guilty plea is refuted by the record of the proceedings at which the plea was entered. The transcript reveals sufficient inquiry by the court to establish that the plea was entered voluntarily. When the court's inquiry disclosed that relator was not familiar with the specific penalties for the crimes charged, the court explained the penalties before accepting the guilty plea. Further, relator's trial counsel testified at the Post Conviction hearing that he had explained to relator before he entered the guilty plea the penalty for burglary, the major crime with which relator was charged.

5. *Failure to advise of right to appeal.*

██ Relator next complains that he was not advised of his right to appeal. His trial attorney did not remember whether he had so advised relator, but it appears from the attorney's testimony that he probably did not. However, as there is nothing to show that the guilty plea was entered as a result of the violation of any of relator's constitutional rights, failure to advise of the right to appeal was harmless and the right to complain of the omission was waived by entry of the guilty plea which constitutes a waiver of all nonjurisdictional defects and defenses. The plea also waived whatever right there may have been to complain of the manner in which the plumbing supply materials were obtained from his automobile at the time of the arrest. United States v. Ptomey, 366 F.2d 759 (3d Cir. 1967); United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3d Cir. 1965); and see Commonwealth ex rel. Smart v. Myers, 424 Pa. 315, 227 A.2d 831 (1967).

### ORDER

And now, this 4th day of June 1969, it is ordered that the Petition of Walter E. McGinty for Writ of Habeas Corpus be and it is hereby denied without hearing.

There is no probable cause for appeal from this Order.