Calletano CISNEROS, Jr., Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 28160.

United States Court of Appeals,
Fifth Circuit.

March 16, 1970.

Calletano Cisneros, Jr., pro se.

David Lindsey (court appointed), Houston, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Exec. Asst. Atty. Gen., Robert C. Flowers, Dunklin Sullivan, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, DYER and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from the District Court's order dismissing Appellant's petition for writ of habeas corpus without an evidentiary hearing. We agree with the District Court that Petitioner failed to allege facts sufficient to necessitate an evidentiary hearing. Accordingly, we affirm.

At his original trial before a Texas court, Petitioner pleaded guilty to murder with malice aforethought. In a subsequent sentencing proceeding, as provided by Texas law, he was sentenced to life imprisonment. The habeas corpus petition to the United States District Court, alleged that Petitioner did not have effective counsel at trial in violation of the Sixth and Fourteenth Amendments. In a traverse to a motion to dismiss for lack of specificity, Petitioner set out the details of his counsel's alleged incompetence, which the trial judge found were directed solely to his attorney's performance during the proceedings on the issue of punishment and in no way related to the validity of his plea of guilty at the trial.

■ We have repeatedly held that where a petitioner has pleaded guilty to charges a hearing in a subsequent habeas corpus proceeding is not necessitated if his pleadings show that the guilty plea was voluntary and that he understood the nature of his plea. See Streets v. Wainwright, 402 F.2d 87 (5th Cir. 1968); Askew v. Alabama, 398 F.2d 825 (5th Cir. 1968). In the instant case, Petitioner clearly failed to allege that his guilty plea was involuntary or the product of ignorance. The alleged incompetence of counsel during a sentencing proceeding is not relevant to the validity of the guilty plea which preceded it.

■ We are sensitive to Petitioner's argument that pleadings drafted by prisoners without the assistance of coun-

sel ought to be read liberally. But here the record is abundantly clear that the trial judge gave Petitioner every necessary opportunity to perfect and clarify his petition. The petition, on its face and with the most liberal reading that could be accorded, indicated he made no attack whatever on the guilty plea.

Affirmed.