Warren Elwood **FORBES**, Petitioner,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent.

No. 70–231–Civ–J.

United States District Court,
M. D. Florida,
Jacksonville Division.
April 28, 1970.

Warren Elwood Forbes, pro se.

Earl Faircloth, Atty. Gen. of the State of Florida, for respondent.

## ORDER

SCOTT, District Judge.

Petition for writ of habeas corpus, accompanied by an affidavit of poverty, has been received from Warren Elwood Forbes, an inmate at the Florida State Prison. It appears that petitioner has exhausted his state court remedies prior to petitioning this Court.

Petitioner pled guilty in the state court to the charge of possession of a weapon by a state prisoner. The record of the proceedings in the state court reveals that the petitioner's plea of guilty was voluntarily and knowingly entered. The state court fully questioned petitioner concerning the intelligent and willing nature of the plea. In addition, petitioner commented before the state court that his counsel had performed admirably and that "whatever pay he's getting from the state isn't enough".

 Petitioner alleges that he was not apprised of his right to appeal after pleading guilty in the trial court and he, therefore, requests this Court to grant habeas corpus. A plea of guilty admits the alleged illegal acts and is generally made with an outlook toward ending the litigation and with the hope that the court will be merciful in the imposition of sentence. From a legal standpoint, it is understandable that counsel who advised his client to plead guilty would in most cases not believe further advice on the right to appeal to be necessary. This is because a plea of guilty waives all non-jurisdictional defects in the proceedings and eliminates most of the grounds that might later be raised on appeal. See, e. g., Streets v. Wainwright, 402 F.2d 87 (5th Cir. 1969); Fowler v. United States, 391 F.2d 276 (5th Cir. 1968); Law v. Beto, 370 F.2d 369 (5th Cir. 1966), cert. denied 389 U.S. 863, 88 S.Ct. 123, 19 L.Ed.2d 132; Busby v. Holman, 356 F.2d 75 (5th Cir. 1966). See also, Modern Federal Practice Digest, Criminal Law § 273.

Since a plea of guilty waives all non-jurisdictional defects in the proceedings, it might be said that as a matter of law a defendant who pleads guilty has no right thereafter to appeal his conviction based on any non-jurisdictional errors. Defendants could, of course, appeal jurisdictional defects in the proceedings, as well as defects in the entry of the guilty plea.

In light of the foregoing discussion, this Court believes that in order for a guilty-pleading defendant later to receive federal habeas corpus relief based on a denial of the right to appeal, he must also allege some arguable grounds for appeal which he has not waived by his guilty plea. As previously noted, the guilty plea was knowingly and voluntarily entered. Moreover, the grounds raised by petitioner in this case are obviously non-jurisdictional and were, therefore, waived by the guilty plea.

Therefore, it is

Ordered:

1. Leave to proceed in forma pauperis for the purpose of this action is granted.

2. The petition for writ of habeas corpus is denied and this action is dismissed.