**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 44678**

| | | |
|---|---|---|
| **KENNETH HALLQUIST,** | ) | **2017 Unpublished Opinion No. 620** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  October 18, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Melissa Moody, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Kenneth Hallquist appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying case, Hallquist waived his preliminary hearing and pled guilty to one felony count of intimidating a witness, Idaho Code § 18-2604(3), and two misdemeanor counts of violating a no contact order, I.C. § 18-920.  The district court entered judgment and imposed a unified sentence of five years with one year determinate for the felony intimidation charge and local jail time for the misdemeanors.  No appeal was taken.

After a period of retained jurisdiction, the district court held a review hearing, suspended Hallquist's sentence, and placed him on probation.  Hallquist then filed a motion for leniency

1

under Idaho Criminal Rule 35 and a motion for leave to supplement the I.C.R. 35 motion. The district court denied both motions, and Hallquist appealed. We affirmed the district court in an unpublished opinion. *State v. Hallquist*, Docket No. 43268 (Ct. App. Jan. 26, 2016).

Hallquist then filed a pro se petition and affidavit for post-conviction relief and requested court-appointed counsel. The district court appointed counsel to represent Hallquist in post-conviction proceedings. Counsel did not file an amended petition, but did file a brief in support of Hallquist's original petition and requested an evidentiary hearing. Among other claims in Hallquist's petition for post-conviction relief, Hallquist claimed he waived his preliminary hearing because the State's prosecuting attorney had bullied him, intimidated him, and threatened to bring additional charges against him unless he waived his preliminary hearing. The State answered Hallquist's petition and filed a motion to summarily dismiss Hallquist's petition. The State argued the preliminary hearing claim was belied by the record, was nothing more than a bare assertion, and was unsupported by any facts or evidence that would make a prima facie case as required by law. The district court granted Hallquist nearly five weeks to respond to the motion for summary dismissal, but Hallquist did not respond. Consequently, the district court issued an order granting the State's motion and ultimately entered judgment dismissing Hallquist's petition. Hallquist timely appeals.

## II.

## ANALYSIS

On appeal, Hallquist asserts the district court erred in summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or

2

other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be

summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Hallquist asserts the district court dismissed his preliminary hearing claim on an improper basis because his verified petition and affidavit constitute evidence in support of his claim that the prosecutor had bullied him, intimidated him, and threatened to bring additional charges against him unless he waived his preliminary hearing. Therefore, according to Hallquist, the district court should have accepted his preliminary hearing claim as true and denied the State's motion for summary dismissal.

On appeal, the State argues Hallquist's assertion is disproved by the guilty plea advisory form, and that even if the district court had accepted Hallquist's waiver of the preliminary hearing claim as true, any challenge to this alleged error in the proceedings was waived by Hallquist's subsequent valid guilty plea. Although the district court did not elaborate on its reasons for granting the State's motion for summary dismissal, we agree that the State is correct; as a matter of law, Hallquist is not entitled to relief even with all disputed facts construed in his favor.

As to the waiver of the preliminary hearing claim, a valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings. *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59 (1969). Additionally, Hallquist does not challenge the validity of his guilty plea, and our inspection of the record does not indicate that such a contention is supportable. Hallquist was represented by counsel at all times relevant to his pleading guilty. In the guilty plea advisory form signed both by Hallquist and his counsel, Hallquist indicated that he was advised of the charges against him and the effect that entering a plea of guilty would have on his right to require the State to prove

4

the case beyond a reasonable doubt. Moreover, a valid guilty plea is a judicial admission of all facts charged by the State, is conclusive as to guilt, and obviates the necessity of the prosecution coming forward with evidence. *Id.* at 832-33, 452 P.2d at 59-60. By entering a valid guilty plea, Hallquist admitted all facts as charged by the State. For these reasons, even if we accept the claims in Hallquist's petition as true, he waived any challenge to this alleged error by voluntarily entering a subsequent valid guilty plea.

Accordingly, the district court properly granted the State's motion for summary dismissal because Hallquist's allegation does not justify relief as a matter of law.

## III.

## CONCLUSION

Hallquist waived all non-jurisdictional defects and defenses by entering a valid guilty plea. Accordingly, we affirm the district court's judgment summarily dismissing Hallquist's petition for post-conviction relief.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.