(No. 34451.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE CURTIS BRISTOL, Plaintiff in Error.

*Opinion filed January 24, 1958.*

GEORGE CURTIS BRISTOL, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, JOHN T. GALLAGHER, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff in error was convicted of the crime of burglary in the criminal court of Cook County and sentenced to the penitentiary for a term of not less than 10 nor more than 20 years. Thereafter, he was convicted in the same court on another charge of burglary and sentenced to the penitentiary for a term of not less than 13 nor more than 14 years. The latter sentence provided, in part, as follows: "* * * it is further ordered and adjudged that the said Defendant George Bristol be taken from the bar of the Court to the Common Jail of Cook County, and from

thence by the Sheriff of Cook County to the Illinois State Penitentiary and be delivered to the Department of Public Safety and the said Department of Public Safety is hereby required and commanded to take the body of the said Defendant George Bristol and confine him in said Penitentiary according to law, from and after the delivery thereof until discharged according to law." It was further provided in said sentence that imprisonment thereunder should begin at the expiration of the 10 to 20-year sentence previously imposed. The sole contention on this writ of error is that the second sentence is vague, indefinite and uncertain insofar as it purports to make the two sentences consecutive, and that therefore the two sentences were concurrent.

The contention of plaintiff in error cannot be sustained. It is based upon *People v. Hardgrave,* 406 Ill. 211, which supports his argument. However, the *Hardgrave case* was specifically overruled by *People v. Ferguson,* 410 Ill. 87. In the *Ferguson case* we held that language in a judgment order directing the Department to confine a prisoner "from and after" his delivery to the Department is only a direction for the immediate disposition of the prisoner and does not fix the time for the commencement of the sentence. It was therefore held that such language was not inconsistent with a provision that the sentence should commence at the expiration of a previous sentence. In *People v. Vraniak,* 5 Ill.2d 384, we reaffirmed our holding in the *Ferguson case.* We therefore hold that the judgment of conviction properly imposed a consecutive sentence.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*