**People of the State of Illinois, Plaintiff-Appellee, v. William E. Johnson, Defendant-Appellant.**

**Gen. No. 66–57.**

Fifth District.

August 26, 1966.

William E. Johnson, per se, of Menard, appellant.

John M. Karns, Jr., State's Attorney, of Belleville, for appellee.

PER CURIAM.

The defendant appeals from the judgment of the Circuit Court of St. Clair County entered upon his plea of guilty to the offense of Involuntary Manslaughter (c 38, § 9–3, Ill Rev Stats 1965). In an indictment returned on February 16, 1966, it is charged that defendant drove an automobile in a reckless manner, and as a result, one Hasty Lee was struck and killed. In his Notice of Appeal, defendant states that the trial court did not admonish him in accordance with "statutory provisions" and that the sentence imposed, confinement in the penitentiary for a term of not less than 2 nor more than 10 years, is excessive.

The transcript of proceedings in the trial court has been reviewed by this court. It appears therefrom that on February 24, 1966, the defendant appeared for arraignment. At that time he was furnished with a copy of the indictment charging him with the crime of involuntary manslaughter, a list of witnesses, and a copy of a written statement signed by the defendant. On that date the court appointed the Public Defender of St. Clair County to represent the defendant, and a plea of not guilty was entered.

On March 15, 1966, the defendant again appeared in court, represented by the Public Defender. The Public Defender stated to the court that after consultation with the defendant, and after advising him of his rights, and informing him of the penalty which might be imposed, the defendant desired to withdraw his plea of not guilty and enter a plea of guilty, and requested the court to set a date for the hearing of evidence in mitigation. The transcript reflects that the defendant stated that he desired to plead guilty, that his age was 30 years, and that the court properly, and in detail, admonished the defendant regarding his right to trial by jury, his right to

counsel, to be confronted by witnesses, the effect of a plea of guilty, and the minimum and maximum sentence which could be imposed. Defendant's counsel made an oral application for probation, and the matter was set down for April 1st.

On April 1, 1966, the court heard evidence in mitigation. The record shows that the defendant has been convicted of several offenses on prior occasions, and has been incarcerated in both state and federal penal institutions.

This court has examined the record in detail, and under the circumstances here presented concludes that the appointment of counsel would constitute an imposition on the bar, and has therefore, elected to review the cause in this manner. The transcript of the proceedings shows that the defendant, fully cognizant of his rights, and of the penalty which might be imposed as the result of his plea of guilty, pleaded guilty and persisted in the plea. Examination of the evidence offered in aggravation and mitigation leads us to conclude that the sentence imposed is not unduly severe.

For the reasons herein stated, the judgment of the circuit court is affirmed.

Judgment affirmed.