UNITED STATES of America ex rel. William HEIRENS, Petitioner-Appellant,

v.

Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellee.

No. 15797.

United States Court of Appeals Seventh Circuit.

April 11, 1967.

Calvin P. Sawyier, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., Phillip J. Rock, Asst. Atty. Gen., Chicago, Ill., for appellee, Richard A. Michael, Asst. Atty. Gen., of counsel.

Before HASTINGS, Chief Judge, and SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

This case arises on appeal from the District Court's denial of a petition filed under the Habeas Corpus Act (28 U.S.C. § 2241 et seq.). Subsequent to the denial of habeas corpus relief, Milani v. State of Illinois, 386 U.S. 12, 87 S.Ct. 874, 17 L.Ed.2d 702, was decided by the Supreme Court of the United States. Under that decision, petitioner was entitled to counsel in his writ of error proceedings in the Supreme Court of Illinois (People v. Heirens, No. 3552, decided May 21, 1964), but he was not afforded counsel there. Therefore, those proceedings were invalid. We agree with the Illinois Attorney General that under the *Milani* decision, petitioner is now entitled to a full and early hearing in the Illinois Supreme Court aided by appointed counsel.

Although recognizing the seriousness of petitioner's charges, we are reluctant to pass on their merits without giving the Supreme Court of Illinois the first opportunity to determine whether petitioner was denied due process and a fair trial in the state court proceedings (Blair v. People of State of California, 340 F.2d 741, 745 (9th Cir. 1965); Montez v. Eyman, 372 F.2d 100, 103 (9th Cir. 1967)) in the light of criminal law developments since his 1946 conviction on three guilty pleas. See, e.g., Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549; Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Rideau v. State of Louisiana, 373 U.S. 723, 83 S. Ct. 1417, 10 L.Ed.2d 663; Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690; Giles v. State of Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737.

So that the Supreme Court of Illinois may expeditiously take a fresh look at the substantial contentions raised by this habeas corpus petition, and in the interests of comity (Giles v. State of Maryland, 386 U.S. 66, 81–82, 87 S.Ct.

793, 17 L.Ed.2d 737), the proceedings before us will be held in abeyance for a reasonable period of time in order to afford the petitioner the opportunity to pursue his remedies before that tribunal.

We are appreciative of the exemplary services of Calvin P. Sawyier of the Illinois Bar who served as court-appointed counsel for petitioner here and in the District Court.