(No. 40628.—▮▮▮▮▮▮▮)

The People of the State of Illinois, Respondent, *vs.*
William Heirens, Petitioner.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

Ward, J., took no part.

Calvin Sawier, of Chicago, appointed by the court, for
petitioner.

William G. Clark, Attorney General, of Springfield,
(Richard A. Michael and Philip J. Rock, Assistant At-
torneys General, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the
court:

This is the third time that this court has considered this case. What has gone before must be stated, to explain how it happens that the case is before this court again, and why we dispose of it as we do.

On September 4, 1946, William Heirens, hereafter defendant, who was represented by retained counsel, pleaded guilty to three charges of murder and to 26 additional charges of burglaries, robberies and assaults. He was sentenced to the penitentiary for life on each of the murder indictments, the sentences to run consecutively. Statutory sentences were imposed on the other indictments, which ran concurrently with each other, but consecutively to the sentences on the charges of murder. On July 8, 1952, the defendant filed a petition seeking relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1951, chap. 38, pars. 826-832.) A hearing was had, and judgment was entered denying the relief sought. On writ of error (No. 33165) to review that judgment, this court appointed Calvin Sawyier and Arthur R. Seder as *amici curiae,* in addition to the attorney who appeared for the defendant, and directed them to file a brief on behalf of the defendant. In September of 1954, this court affirmed the judgment. (4 Ill.2d 131.) The Supreme Court of the United States denied *certiorari.* 349 U.S. 947, 99 L. Ed. 1273.

In November of 1963, the defendant filed a petition for a writ of error under our Rule 65—1 (Ill. Rev. Stat. 1963, chap. 110, par. 101.65—1), which provided for delayed discretionary review in certain cases. (See *People* v. *Griffin,* 9 Ill.2d 164; *People* v. *Johnson,* 15 Ill.2d 244, *cert.* denied 359 U.S. 930, 949.) In that petition (No. 3552) the defendant asserted (1) that the trial court erred in failing to hold an inquiry into his sanity at the time the crimes were committed; (2) that the trial court erred in imposing consecutive sentences; (3) that the trial climate and circumstances were not such as are required before a judgment of conviction can validly be entered; and (4) that

the trial court erred by failing to preserve a complete record of the proceedings at the time of his convictions. The defendant's request that counsel be appointed to represent him in this court upon his petition for a writ of error was denied.

In May of 1964, the petition for a writ of error was denied in a memorandum order which held that the defendant's first and third contentions had been disposed of by our previous decision in *People* v. *Heirens*, 4 Ill.2d 131, 142, 143, rejected the defendant's attack upon the consecutive sentences, and held, upon the authority of *Norvell* v. *Illinois*, 373 U.S. 420, 10 L. Ed. 2d 456, that the defendant's final contention, which was based upon the fact that the transcript of a portion of the hearing in mitigation and aggravation was not available because the court reporter had died and his notes could not be transcribed, did not require a reversal of the judgments of conviction. The Supreme Court of the United States denied *certiorari*. *Heirens* v. *Illinois*, 379 U.S. 868, 13 L. Ed. 2d 71.

Thereafter a *habeas corpus* petition was filed in the United States District Court for the Northern District of Illinois. The district court denied relief and the defendant appealed to the United States Court of Appeals for the Seventh Circuit. On April 11, 1967, that court filed the following opinion:

"Before Hastings, Chief Judge, and Swygert and Cummings, Circuit Judges.

"*Per Curiam.* This case arises on appeal from the District Court's denial of a petition filed under the Habeas Corpus Act (28 USC § 2241 *et seq.*). Subsequent to the denial of habeas corpus relief, *Milani* v. *Illinois*, 35 U.S. Law Week 3281, was decided by the Supreme Court of the United States. Under that decision, petitioner was entitled to counsel in his writ of error proceedings in the Supreme Court of Illinois (*People* v. *Heirens*, No. 3552, decided May 21, 1964), but he was not afforded counsel there.

Therefore, those proceedings were invalid. We agree with the Illinois Attorney General that under the *Milani* decision, petitioner is now entitled to a full and early hearing in the Illinois Supreme Court aided by appointed counsel.

"Although recognizing the seriousness of petitioner's charges, we are reluctant to pass on their merits without giving the Supreme Court of Illinois the first opportunity to determine whether petitioner was denied due process and a fair trial in the state court proceedings (*Blair* v. *People of State of California,* 340 F.2d 741, 745 (9th Cir. 1965) ; *Montez* v. *Eyman,* 372 F.2d 100, 103 (9th Cir. 1967)) in the light of criminal law developments since his 1946 conviction on three guilty pleas. See, *e.g., Pate* v. *Robinson,* 383 U.S. 375; *Smith* v. *Baldi,* 344 U.S. 561; *Estes* v. *Texas,* 381 U.S. 532; *Fay* v. *Noia,* 372 U.S. 391; *Rideau* v. *Louisiana,* 373 U.S. 723; *Miller* v. *Pate,* 35 U.S. Law Week 4179; *Giles* v. *Maryland,* 35 U.S. Law Week 4181.

"So that the Supreme Court of Illinois may expeditiously take a fresh look at the substantial contentions raised by this habeas corpus petition, and in the interests of comity (*Giles* v. *Maryland,* 35 U.S. Law Week 4181, 4185), the proceedings before us will be held in abeyance for a reasonable period of time in order to afford the petitioner the opportunity to pursue his remedies before that tribunal.

"We are appreciative of the exemplary services of Calvin P. Sawyier of the Illinois Bar who served as court-appointed counsel for petitioner here and in the District Court."

After the order of the court of appeals was entered, leave was sought on behalf of the defendant to file in this court a "Petition for Exercise of Jurisdiction." Leave was granted and this court entered an order which recited the action taken by the court of appeals and continued:

"The petition now filed in this Court contends that petitioner's constitutional rights were violated in several respects at the time of his convictions and that these al-

leged violations were not waived by his pleas of guilty. It requests that this Court make a new and independent determination of the claims advanced in the petition, based upon the records of petitioner's former appeals in 3552 and in 33165, a post-conviction writ of error (4 Ill.2d 131), and the record before the Federal Court in the habeas corpus case. It is also requested that this Court take judicial notice of certain allegedly prejudicial newspaper clippings. Petitioner requests that counsel be appointed to represent him, that the petition be set for hearing at an early date, and that petitioner be granted new trials.

"It is ordered that

(1) Calvin Sawyier is appointed counsel for petitioner.

(2) The judgment of this Court in *People* v. *Heirens,* No. 3552 is vacated and a new hearing is granted.

(3) Petitioner shall file his brief on the issues raised by the petition for a writ of error in No. 3552, or by an amended petition in that case, on or before May 24, 1967. The State shall file its brief on or before June 8, 1967. Reply brief, if any, to be filed on or before June 16, 1967. Cause to stand for hearing at the June 1967 session of this Court.

(4) The petitioner and the State are also requested to brief and argue the question of the authority and the propriety of a new and independent determination by this Court, as urged in the petition and suggested in the opinion of the Court of Appeals."

The Court of Appeals was influenced in reaching its conclusion by the *per curiam* decision of the Supreme Court in *Milani* v. *Illlinois,* (1967) 386 U.S. 12, 17 L. Ed. 2d 702. In that case the defendant, Joseph Milani, had been convicted upon his plea of guilty to a charge of murder. He was represented by the public defender and another appointed attorney. His plea was entered after the trial had commenced and a witness for the prosecution had testified

to his admission of guilt. The defendant appealed to this court and moved that counsel be appointed to represent him. The motion was denied, the case was considered on the defendant's *pro se* brief, and the judgment was affirmed. (*People* v. *Milani*, 34 Ill.2d 524.) The defendant filed a petition for *certiorari* in the Supreme Court of the United States, and on February 13, 1967, that court entered the following memorandum order: "414 Misc. Milani v. Illinois. Per curiam. The motion for leave to proceed in forma pauperis and the petition for a writ of certiorari are granted. The judgment of the Supreme Court of Illinois is reversed. Douglas v. California, 372 U.S. 353."

In *Douglas* v. *California* the defendant had pleaded not guilty, and had been convicted after a trial. The California Court of Appeals itself examined the record and because it found no ground for reversal it affirmed the conviction without appointing counsel.

In cases in which a defendant who pleaded not guilty was convicted after a trial, it has been the practice of this court to appoint counsel to represent the defendant on review. Under the rules of this court, however, a plea of guilty was not permitted to be accepted in the trial court unless the defendant was represented by counsel, or had understandingly waived his right to be represented by counsel after he had been advised that counsel would be appointed to represent him if he could not afford to retain counsel, and after his right to a jury trial and the possible consequences of his plea had been explained to him by the trial judge. The inquiries of the court and the answers of the defendant were required to be transcribed and incorporated in the common-law record. See, *e.g.*, Ill. Rev. Stat. 1949, chap. 110, par. 259.27A; Ill. Rev. Stat. 1965, chap. 110, par. 101.26(3).

When a defendant was convicted on his plea of guilty after a full admonition, however, it was not the practice of this court to appoint counsel to represent him on review.

The only issues open for consideration on direct review in such a case were the jurisdiction of the trial court, the sufficiency of the indictment, the adequacy of the trial judge's admonition, and whether the sentence imposed was within statutory limits. Until January 1, 1964, a reviewing court in Illinois had no power to alter sentences. The court itself considered the limited issues open to review and if it found that arguable contentions existed, counsel was appointed.

If a defendant sought to attack the voluntariness of his plea of guilty or for any other reason to assert the invalidity of that plea, he could proceed under the Post-Conviction Hearing Act, as the defendant in this case did. In that proceeding counsel was required to be appointed to represent him, as counsel was appointed to represent this defendant, and any constitutional objection to the validity of his conviction could be raised. (Ill. Rev. Stat. 1951, chap. 38, pars. 826-832.) The procedures outlined above were in our opinion adequate to protect the rights of indigent defendants. We interpreted *Douglas* v. *California,* 372 U.S. 353, 9 L. Ed. 2d 811, as applicable only to defendants who, like the defendants in that case, had pleaded not guilty and had been found guilty after trial. Since *Milani* v. *United States* was decided, we have amended our Rules 605 and 607 so that counsel will hereafter be appointed to represent indigent defendants upon direct review of convictions entered upon their pleas of guilty. 36 Ill.2d 171, 174, 227 N.E.2d LX-LXI.

The Attorney General took the position before the Court of Appeals that *Milani* v. *Illinois* invalidated our order in No. 3552, and that State remedies had not been exhausted. The Court of Appeals apparently acted in reliance upon the views of the Attorney General. While we have vacated our order in No. 3552 in deference to the views of the Court of Appeals, we are unable to follow the further suggestion of that court that we "take a fresh look at the substantial contentions raised" by the *habeas corpus*

petition pending before that court. Nor are we able to accede to the defendant's suggestion that this court take judicial notice of the records and files "of the United States Court of Appeals for the Seventh Circuit in petitioner's case there pending." We do not have before us either the contentions advanced in the Federal *habeas corpus* proceeding or the record that is before the Court of Appeals. Nor do we see how, by taking judicial notice of those contentions and that record, or otherwise, we could acquire jurisdiction to decide those contentions on that record. As the defendant elsewhere points out, these are determinations which the Federal Court of Appeals is in a position to make independently in this matter.

This is not a proceeding to review our judgment in the defendant's post-conviction case. It is our order in No. 3552 which has been held invalid because the defendant was without counsel, and our concern centers upon that case. The defendant is now represented by appointed counsel, and we consider the contentions now advanced upon the record in that case, which consists of the formal common-law record, supplemented by the proceedings that took place on September 4 and 5, 1946, when the defendant pleaded guilty and was sentenced.

Many of the contentions now advanced on behalf of the defendant are without factual support in the record now before us. Others were adjudicated in the defendant's post-conviction proceeding. Throughout that proceeding the defendant was represented by counsel. The trial court heard the testimony of the available witnesses and denied the defendant's petition. After a full review of the extensive record this court affirmed that judgment, and the Supreme Court of the United States denied *certiorari* (349 U.S. 947, 99 L. Ed. 1273). The issues there adjudicated are not now open to review.

We consider, therefore, only those contentions now advanced which are open to review upon the limited record

before us. There are two such contentions. The first is that the consecutive sentences imposed by the trial court were erroneous. The brief now filed on behalf of the defendant asserts that "this case comes squarely under *People* v. *Hardgrave,* (1950) 406 Ill. 211, 214, rather than under the more general authorities cited in this Court's formal order." But the *Hardgrave* case, which had decided that the phrase "consecutively with" when used in imposing consecutive sentences was fatally ambiguous, was overruled in *People* v. *Ferguson,* 410 Ill. 87, 91. (See *People* v. *Vraniak,* 5 Ill.2d 384, 391; *People* v. *Bristol,* 12 Ill.2d 632.) Since the defendant pleaded guilty to separate crimes, the imposition of consecutive sentences was not improper.

The contention based upon the fact that the State was unable to provide the defendant with certain portions of the hearing in mitigation and aggravation because of the death of the court reporter, and the impossibility of transcribing his notes, was disposed of in our memorandum order upon the basis of *Norvell* v. *Illinois,* (1962) 373 U.S. 420, 10 L. Ed. 2d 456. That contention is not now argued by counsel for the defendant.

The defendant's motion for a writ of error under Rule 65—1 of this court is denied.

*Motion denied.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.