(No. 40266.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee ,*vs*. WILLIAM E. JOHNSON, Appellant.

*Opinion filed November 30, 1967.*

WILLIAM E. JOHNSON, *pro se*.

Mr. JUSTICE WARD delivered the opinion of the court:

On March 15, 1966, the defendant and appellant, William E. Johnson, who was represented by counsel, pleaded guilty to a charge of involuntary manslaughter in the circuit court of St. Clair County. The plea was accepted and following a hearing in mitigation judgment was entered and the defendant received a sentence of not less than two years and not more than ten years. Thereafter, the defendant appealed to the Appellate Court for the Fifth District, which following the prevailing practice did not appoint counsel to represent the defendant on appeal as he had pleaded guilty to the charge of the indictment. (See *People v. Heirens,* 38 Ill.2d 294.) The appellate court examined the record and finding that the defendant had been fully advised of his rights, had been appropriately admonished as to the possible consequences of his plea and that the punishment imposed had not been excessive, affirmed the judgment of the circuit court. 74 Ill. App. 2d 208.

The defendant appeals to this court, asserting *inter alia* that a constitutional question has arisen for the first time in and as a result of the action of the appellate court, *viz.,* that its refusal to appoint counsel, upon his request, to represent him on the concerned appeal deprived him of constitutionally assured rights.

The appeal to the appellate court was the defendant's first appeal granted as a matter of right. On the authority of *Milani v. Illinois,* 386 U.S. 12, 17 L. Ed. 2d 702, and *Hemphill v. Illinois,* 388 U.S. 465, 18 L. Ed. 2d 1323, we are required to hold that the appellate court should have appointed counsel to represent the defendant on his appeal to that tribunal. (See *People v. Heirens,* 38 Ill.2d 294, and amended Rules 605 and 607, 36 Ill.2d 171, 174, 227 N.E.2d LX-LXI, rules of this court amended to conform with the United States Supreme Court's directions.)

It is not necessary for us to consider the other allegations of error presented by the defendant as we vacate the judgment of the Appellate Court for the Fifth District and

remand the cause to that court with directions to appoint counsel and hear the appeal.

*Vacated and remanded, with directions.*