THE PEOPLE *ex rel.* ORLANDO K. SHEFFIELD, Relator-Appellant, *v.* JOHN J. TWOMEY, Warden, Illinois State Penitentiary at Joliet, Respondent-Appellee.

(No. 57836;

First District (4th Division)—August 8, 1973.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

On November 11, 1971, relator, Orlando K. Sheffield, filed with the Clerk of the Circuit Court of Cook County a *pro se* petition for a writ of habeas corpus dated October 14, 1971. In his petition relator contended that since his arrest for armed robbery on June 2, 1970, prejudice had been consistently and openly displayed against him; that his bond which had been increased after he failed to appear in court on May 17, 1971, was excessive and unreasonable, forcing him to remain incarcerated; and that there was purposeful and oppressive delay in bringing the matter to trial which prejudiced his defense.

On January 26, 1972, respondent moved to dismiss relator's petition and a hearing was held. The trial court was advised during the hearing that while relator was incarcerated in the Cook County Jail awaiting trial for armed robbery at the time his petition was written, he had since been brought to trial on the charge and had been convicted and sentenced to the Illinois State Penitentiary. At the conclusion of the hearing, the court dismissed relator's petition.

Relator, represented by the Public Defender, filed a notice of appeal. The Public Defender now seeks to withdraw and has filed a brief in support thereof, pursuant to *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S.Ct. 1396. He states that, from a review of the record, the only basis for an appeal would be whether the relator was denied procedural due process of law in his habeas corpus hearing. The Public Defender concludes that the trial court hearing relator's petition adhered to the applicable law and that the court did not abuse its discretion in dismissing relator's petition for a writ of habeas corpus and that relator was not denied due process of law in the hearing.

The Public Defender served a copy of his motion for leave to withdraw upon the relator prior to filing it. In addition, the relator was notified in a letter dated May 30, 1973, of the motion by this court. In that letter we gave relator until July 15, 1973, to file any additional information in support of his appeal. We informed him that after such date we would make a full examination of all the proceedings and that if we found that the appeal was frivolous, we would grant the Public Defender's motion and

affirm the court's order without further appointment of counsel. Relator failed to respond.

Our legislature has provided those causes for which a person held under process of a court may be discharged in the Habeas Corpus Act. (Ill. Rev. Stat. 1971, ch. 6, par. 22.) The supreme court in *People ex rel. Skinner v. Randolph,* 35 Ill.2d 589, 221 N.E.2d 279, held that the remedy of habeas corpus is available only to obtain the release of a prisoner who has been incarcerated under a judgment of an original trial court which lacked jurisdiction of the subject matter, or of the person of the defendant, or where something has happened since his detention under the conviction to entitle the prisoner to his release. The court held:

> "Due to limitations imposed by the legislature in the Habeas Corpus Act, particularly section 22, (Ill. Rev. Stat. 1965, chap. 65, par. 22,) it has long been held in this State that a court has jurisdiction in a *habeas corpus* proceeding to direct a release from custody only where the original proceeding or judgment of conviction was void or where something has happened since the detention for rendition of the judgment to entitle the prisoner to his release. (*People ex rel. Wiseman v. Nierstheimer,* 401 Ill. 260; *People ex rel. Castle v. Spivey,* 10 Ill.2d 586.) Mere errors or irregularities, which only render the proceeding voidable and are of nonjurisdictional nature, are not grounds for relief on writ of *habeas corpus.* * * * As was said in *People ex rel. Georgetown v. Murphy,* 202 Ill. 493, 497-498: '* * * a person imprisoned under the sentence of a court having jurisdiction of the subject matter and the person of the defendant, and power to render the judgment, cannot be discharged on *habeas corpus* because of irregularities in the proceedings under which he is convicted, his remedy in such cases being by writ of error.'" 35 Ill.2d at 590, 221 N.E.2d at 280.

The record in the instant case reveals that the trial court had jurisdiction to enter the order of October 15, 1971, entering judgment on a finding of guilty to the charge of armed robbery against relator. Further, the court had jurisdiction over the person of the relator. The relator in the case at bar is not questioning the jurisdiction of the trial court, and as the remedy of habeas corpus is not available for a review of the alleged errors of a non-jurisdictional nature, relator is precluded from the relief he is requesting in his petition. Further, it appears that relator had been discharged from the penitentiary on November 29, 1972, and there is no claim that any event had occurred subsequent to the judgment of conviction entered by which the relator would be entitled to discharge.

■■ Where the original judgment of conviction was not void, where

nothing had happened since entry of that judgment to entitle the prisoner to release and where the prisoner's maximum term had not expired or lawfully terminated while he was still incarcerated, it would appear that the prisoner's petition for a writ of habeas corpus should rightfully be denied for lack of jurisdiction. *People ex rel. Jefferson v. Brantley,* 44 Ill.2d 31, 253 N.E.2d 378, *cert. denied,* 400 U.S. 834.

■■   After examination of the record in the instant case, we must agree with the Public Defender that there is no merit to the instant appeal. The Public Defender's request for leave to withdraw as counsel for relator is granted and the judgment dismissing relator's petition for a writ of habeas corpus is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.