THE PEOPLE *ex rel.* WILLIAM HEIRENS, Petitioner-Appellant, v. JIM GREER, Warden, Vienna Correctional Center, *et al.,* Respondents-Appellees.

Fifth District   No. 5—84—0556

Opinion filed July 12, 1985.—Rehearing denied August 2, 1985.

William Heirens, of Vienna, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert and Scott Graham, Assistant Attorneys General, of Chicago, of counsel), for appellees.

PRESIDING JUSTICE JONES delivered the opinion of the court:

Petitioner, William Heirens, currently incarcerated in the Vienna Correctional Center, brought the instant *habeas corpus* proceeding following the decision of the Prisoner Review Board (board) denying him parole on his second life sentence. The petitioner had been convicted of three murders and 26 other crimes and had been sentenced to three consecutive life terms on the murder convictions and to various concurrent terms on the other offenses, to run consecutively to the last life sentence. The petitioner was subsequently paroled and then discharged on the first of the life sentences and began serving the second of the consecutive life sentences. The petitioner now seeks *habeas corpus* relief, alleging that because the first murder conviction

was considered as a factor in denying him parole on the second life sentence, he is being effectively imprisoned on the first life sentence from which he had been discharged. The trial court denied the *habeas corpus* petition, finding that the board properly considered the circumstances of the first murder conviction in denying parole. We affirm.

The petitioner was convicted on September 5, 1946, of the murders of six-year-old Suzanne Degnan and two adult women and began serving a life sentence on the Degnan conviction, mittimus No. 46—1593 (hereinafter 46—1593 sentence), at that time. On December 15, 1965, the petitioner was granted institutional parole on this first life sentence, and, on June 15, 1966, the petitioner was discharged from the 46—1593 sentence to begin serving the second consecutive life sentence, mittimus No. 46—1594 (hereinafter 46—1594 sentence).

The board denied the petitioner's application for parole on the 46—1594 sentence in 1978, 1981 and 1983. As rationale for its most recent denial on January 12, 1983, the board stated that it was not convinced that the petitioner "would be able to function without recourse to violence in the [*sic*] free society." The board indicated that it had considered many factors, including the fact that the petitioner was "sentenced to three consecutive sentences of 'Natural Life' [*sic*] for the offense of murder \*\*\*." The board noted additionally that "the record reflect[ed] the particularly heinous details of [the] kidnapping, murder and subsequent dismemberment of one Suzanne Degnan, an innocent \*\*\* child." The board concluded that "to grant parole would not be in the best interest of society, nor would it serve as a deterrent to non-compliance with the established laws of society."

The petitioner thereafter filed a petition for *habeas corpus* relief in which he alleged that he is being maintained in custody on the 46—1593 sentence despite having been discharged on that sentence in 1966. In support of this allegation the petitioner stated that, in denying him parole on the second life sentence in 1978, 1981 and 1983, the board based its decision on the fact that he had been sentenced to three life sentences, even though at that time he was only committed to the Department of Corrections for two murders. The petitioner noted that the board specifically referred to the murder of Suzanne Degnan in denying him parole on January 12, 1983. The trial court denied the petition for *habeas corpus* relief, and the petitioner appeals from that denial.

We find no merit in the petitioner's contention that he is being imprisoned on the 46—1593 sentence because that sentence was considered as a factor in denying him parole on the second 46—1594 sen-

tence. In determining the petitioner's parole the board was required by statute to consider the records of the committing court regarding the sentence imposed and any statement by that court of the basis for imposing sentence. (Ill. Rev. Stat. 1983, ch. 38, par. 1003—3—4(d).) While it is undisputed that the petitioner has been discharged on the first life sentence imposed by the committing court, that sentence remains a part of his record and was not removed from consideration by the board upon discharge of that sentence. Rather, the sentence and its attending circumstances continue to be valid matters for the board's consideration in determining the prisoner's potential for complying with the conditions of parole. The petitioner, however, is not thereby held in custody on that sentence, as there is no question that the petitioner is presently serving the second of his consecutive life sentences.

The petitioner's reliance upon *Silberberg v. U.S. Parole Com.* (M.D. Pa. 1980), 483 F. Supp. 1280, is misplaced because, although based upon an entirely different statutory scheme than that applicable in Illinois, that court's holding actually supports the action of the Board here. In *Silberberg,* the Federal Parole Commission erroneously computed the petitioner's "offense severity" range under 28 C.F.R. sec. 2.20 by including an offense for which the petitioner's sentence had already expired. While the court held that the petitioner's prior conviction and incarceration could not be used to determine the length of the sentence from which he could be paroled, it was proper to consider prior convictions in determining the petitioner's "salient factor score," which indicated whether the petitioner was a good parole risk. Since the board here considered the petitioner's prior conviction only to determine his prospects of complying with the conditions of parole, the board's consideration of the Degnan murder did not conflict with the holding of *Silberberg.*

For the reasons stated, we affirm the decision of the trial court denying the petition for *habeas corpus* relief by the petitioner.

Affirmed.

WELCH and KASSERMAN, JJ., concur.