THE PEOPLE *ex rel.* AUTHER RICO STRINGER, No. C—10183, Petitioner-Appellant, v. THE PRISONER REVIEW BOARD *et al.*, Respondents-Appellees.

Third District   No. 3—86—0241

Opinion filed April 14, 1987.—Modified opinion filed September 14, 1987.

Auther R. Stringer, of Joliet, appellant *pro se*.

Neil F. Hartigan, Attorney General, of Springfield (Jill A. Deutsch, Assistant Attorney General, of Chicago, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The petitioner, Auther Rico Stringer, filed a petition for a writ of *habeas corpus* seeking an immediate release. The trial court granted the dismissal motion of the respondents, the Illinois Prisoner Review Board and the Illinois Department of Corrections. We affirm.

In October of 1967, the petitioner was convicted of murder and sentenced to an indeterminate term of 50 to 100 years' imprisonment. On October 25, 1982, the petitioner was paroled.

On February 21, 1984, the petitioner was arrested for unlawful use of weapons. On August 15, 1984, the petitioner pleaded guilty and was sentenced to three years' imprisonment to run concurrently with his prior murder sentence. The Prisoner Review Board (the Board) revoked the petitioner's parole on November 13, 1984. However, the petitioner continued to be eligible for parole.

On May 17, 1985, the Board held a parole hearing for the petitioner. The petitioner was denied parole because of his parole violation and his violent criminal history.

In January of 1986, the *pro se* petitioner filed for a writ of *habeas corpus* alleging that because he was entitled to, and was denied a determinate sentence on his murder conviction, the May of 1985 parole hearing revoked the Board's revocation of his parole. The respondents subsequently filed a motion to dismiss. In March of 1986, the trial court granted the respondents' motion and dismissed the petition. The petitioner has perfected this appeal.

On appeal, the petitioner raises a myriad of issues. However, because of our disposition of the instant cause, we need address only one issue: whether the trial court properly dismissed the petition for *habeas corpus* for failure to state a cause of action.

The petitioner argues that pursuant to section 3—3—9(i)(A) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1985, ch. 38,

par. 1003—3—9(i)(A)), the Board was required to fix a determinate sentence for his murder conviction in order to calculate the number of years remaining on his maximum sentence. The petitioner contends that because he did not receive a determinate sentence when his parole was revoked, he is being held illegally and should be immediately released on parole.

■■ ■ Where the original judgment of conviction was not void, the petitioner's maximum prison term had not expired, and nothing had occurred to warrant the petitioner's immediate discharge, the trial court is without jurisdiction to grant *habeas corpus* relief. (*People ex rel. Sheffield v. Twomey* (1973), 14 Ill. App. 3d 264, 302 N.E.2d 439.) The decision to deny parole status to a prisoner who had not served his maximum sentence is not an occurrence that constitutes grounds for *habeas corpus* discharge, as parole is simply an alternative method to serve a sentence. *People ex rel. Burbank v. Irving* (1982), 108 Ill. App. 3d 697, 439 N.E.2d 554.

If a person who was sentenced prior to the Amendatory Act of 1977 violates a condition of his parole, the Board has the authority to revoke the parole and reconfine that person for any portion of the imposed maximum term of imprisonment which had not been served at the time of parole. (Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—9(i)(A).) Further, no release date need be set for any person sentenced to an indeterminate sentence prior to the Amendatory Act of 1977, when the minimum term of that person's sentence is 20 or more years. Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—2.1(b).

■■ In the instant case, the petitioner has not yet served the full prison term for his murder conviction. The Board's decision to revoke the petitioner's parole status was not an occurrence by which the court could grant *habeas corpus* relief. We therefore find that the trial court appropriately dismissed the petition for writ of *habeas corpus*.

Furthermore, we note that the petitioner's contentions are without merit. The Board has the authority to revoke parole and reconfine the petitioner for any unserved portion of his maximum term of imprisonment. Also, the Board is not required to set a definite release date for the petitioner as he was sentenced before the 1977 Amendatory Act to a minimum term of more than 20 years.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

WOMBACHER and HEIPLE, JJ., concur.