WILLIAM HEIRENS, Petitioner-Appellant, v. PRISONER REVIEW BOARD *et al.*, Respondents-Appellees.

Fifth District   No. 5—86—0461

Opinion filed November 6, 1987.—Rehearing denied December 7, 1987.

Howard B. Eisenberg, of Southern Illinois University, of Carbondale, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Mark L. Rotert and Terence M. Madsen, Assistant Attorneys General, of Chicago, of counsel), for respondents.

JUSTICE LEWIS delivered the opinion of the court:

Petitioner, William Heirens, appeals from an order of the circuit court of Johnson County which dismissed his complaint for *mandamus* on motion of respondents Illinois Prisoner Review Board and Michael P. Lane, Director of the Department of Corrections.

On September 4, 1946, petitioner entered pleas of guilty to three murder indictments and 26 additional indictments charging burglaries, robberies and assaults. Petitioner was sentenced to three consecutive life terms on the murder convictions. The sentences on the other convictions were ordered to run concurrently with each other but consecutively to the life terms. Petitioner has commenced numerous proceedings since his convictions in 1946. See, *e.g.*, *People v. Heirens* (1954), 4 Ill. 2d 131, 122 N.E.2d 231, *cert. denied* (1955), 349 U.S. 947, 99 L. Ed. 1273, 75 S. Ct. 876; *People v. Heirens* (1967), 38 Ill. 2d 294, 230 N.E.2d 875, *cert. denied* (1968), 390 U.S. 1044, 20 L. Ed. 2d 306, 88 S. Ct. 1644; *United States ex rel. Heirens v. Pate* (7th Cir. 1967), 401 F.2d 147; *United States ex rel. Heirens v. Pate* (7th Cir. 1968), 405 F.2d 449; *People ex rel. Heirens v. Mizell* (1980), 89 Ill. App. 3d 1208, 417 N.E.2d 277 (unpublished Rule 23 order); *Heirens v. Mizell* (7th Cir. 1984), 729 F.2d 449; *People ex rel. Heirens v. Greer* (1985), 135 Ill. App. 3d 60, 481 N.E.2d 877.

On appeal in this proceeding petitioner contends: (1) that under sections 5—8—4(c)(1) and (e)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—4(c)(1), (e)(1)), "the Department of Corrections is required to calculate his present sentences as two terms of not less than twenty years each and not more than forty years each, less good conduct credits"; (2) that based on his first argument, the Prisoner Review Board is required "to set a release date for petitioner which recognizes the eighty year maximum sentence"; and (3) that the denial of petitioner's right to release from confinement and parole denied petitioner the due process of law. We affirm.

Sections 5—8—4(c)(1) and (e)(1) of the Unified Code of Corrections (the Code) provide as follows:

"(c)(1) For sentences imposed under law in effect prior to

February 1, 1978 the aggregate maximum of consecutive sentences shall not exceed the maximum term authorized under Section 5—8—1 for the 2 most serious felonies involved. The aggregate minimum period of consecutive sentences shall not exceed the highest minimum term authorized under Section 5—8—1 for the 2 most serious felonies involved. ***

* * *

(e) In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents:

(1) the maximum period of a term of imprisonment shall consist of the aggregate of the maximums of the imposed indeterminate terms, if any, plus the aggregate of the imposed determinate sentences for felonies plus the aggregate of the imposed determinate sentences for misdemeanors subject to paragraph (c) of this Section." Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—1(c)(1), (e)(1).

Petitioner asserts that since a life sentence has no minimum or maximum term, a life sentence cannot be used to aggregate sentences under section 5—8—4(c)(1). Petitioner suggests therefore that each of his life sentences for murder must be treated as having a minimum term of 20 years and a maximum term of 40 years, which is the range for one of the sentences authorized for murder under the current statute. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(a).

Petitioner asserted this contention in the circuit court also. The court found that petitioner's murder convictions fell within the scope of section 5—8—1(a)(1)(b) of the Code, which provides for a natural life sentence (now without the possibility of parole) for murders "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty" or where any of the aggravating factors set out in section 9—1(b) of the Criminal Code of 1961 are present. (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—1(a)(1)(b), 9—1(b).) The circuit court therefore concluded that petitioner's life sentences with the possibility of parole did not violate section 5—8—4(c)(1) because his sentences did not exceed "the maximum term authorized under Section 5—8—1 for the 2 most serious felonies involved," *i.e.*, natural life without the possibility of parole.

However, we need not consider the circuit court's reasoning, with its attendant *ex post facto* implications. We affirm on different grounds. We reject petitioner's contention under the rationale of our

supreme court's decision in *People v. Dye* (1977), 69 Ill. 2d 298, 371 N.E.2d 630.

In *Dye*, the defendant was found guilty of forgery and sentenced to a term of two to eight years' imprisonment, to run consecutively to a previously imposed Federal sentence of five years for transportation of a stolen vehicle. (69 Ill. 2d at 300, 371 N.E.2d at 630-31.) Former section 5—8—4(c) provided that "[t]he aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum term authorized under Section 5—8—1 for the most serious felony involved." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(c).) The appellate court reasoned that since forgery was the most serious felony involved, and since the minimum term for forgery was one year (Ill. Rev. Stat. 1983, ch. 38, pars. 17—3, 1005—8—1), the aggregate minimum of the consecutive sentences could not exceed two years. (*Dye*, 69 Ill. 2d at 306, 371 N.E.2d at 633.) The appellate court treated the five-year Federal sentence as the minimum term for that conviction and concluded that the aggregate minimum of the consecutive sentences was seven years. The appellate court held that the consecutive sentences therefore violated former section 5—8—4(c) and directed that the mittimus be amended to reflect the imposition of concurrent rather than consecutive sentences.

The supreme court reversed on two grounds, holding that former section 5—8—4(c) did not apply to a Federal determinate sentence. First, the court stated that "[t]he section clearly confines its application to situations where the aggregate minimum terms of imprisonment can be calculated." (69 Ill. 2d at 306-07, 371 N.E.2d at 634.) Second, the court noted that the Federal determinate sentence was not a sentence "authorized under section 5—8—1."

Similarly in the case at bar, it is impossible to realistically calculate an "aggregate" minimum or maximum term for petitioner's life sentences. Therefore, we conclude that the legislature did not intend that section 5—8—4(c)(1) apply to petitioner's life sentences.

■ We also note that petitioner's life sentences carry with them the possibility of parole. (Ill. Rev. Stat. 1945, ch. 38, par. 801.) In contrast, under the Unified Code of Corrections, a person sentenced to a natural life term is not eligible for parole or mandatory supervised release. (Ill. Rev. Stat. 1985, ch. 38, pars. 1003—3—3(d), 1005—8—1(d).) Therefore, petitioner's life sentences with the possibility of parole are not authorized under section 5—8—1 of the Unified Code of Corrections. Consequently, because petitioner's consecutive life sentences have no aggregate minimum or maximum and are not authorized under current section 5—8—1, "they cannot be considered within the

ambit" of section 5—8—4(c)(1). *People v. Dye* (1977), 69 Ill. 2d at 307, 371 N.E.2d at 634.

Petitioner asserts in his reply brief that at the time he was sentenced, Illinois law allowed for parole and good-time credits. He contends that to deny him a mandatory parole date and good-time credits would violate the constitutional prohibition against *ex post facto* laws. However, petitioner's life sentences do carry with them eligibility for parole after 20 years "less time credit for good behavior." (Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—3(a)(2).) In fact, petitioner has been discharged from his first life sentence and he is receiving parole hearings. (See *People ex rel. Heirens v. Greer* (1985), 135 Ill. App. 3d 60, 61, 481 N.E.2d 877, 877.) We therefore reject petitioner's contention.

■■ Petitioner's second contention is that the Prisoner Review Board is required "to set a release date for petitioner which recognizes the eighty year maximum sentence." However, we have already rejected petitioner's contention that his sentences are subject to a maximum 80-year aggregate term. Furthermore, and in any event, we reject petitioner's interpretation of the statutory scheme pertaining to early release dates.

Sections 3—3—2.1(a) and (b) of the Unified Code of Corrections provide:

"(a) Except as provided in subsection (b), the Prisoner Review Board shall, no later than 7 days following a prisoner's next parole hearing after the effective date of this Amendatory Act of 1977, provide each prisoner sentenced under the law in effect prior to the effective date of this Amendatory Act of 1977, with a fixed release date.

(b) No release date under this Section shall be set for any person sentenced to an indeterminate sentence under the law in effect prior to the effective date of this Amendatory Act of 1977 in which the minimum term of such sentence is 20 years or more." Ill. Rev. Stat. 1985, ch. 38, pars. 1003—3—2.1(a), (b).

The record indicates that on March 1, 1978, the Prisoner Review Board (Board) offered petitioner a release date of March 1, 2003. On March 26, 1980, the Board offered an amended "release date" of February 16, 2003. Petitioner apparently rejected both offers, asserting that they exceeded the maximum aggregate term provided by section 5—8—4(e)(1). On December 16, 1985, petitioner wrote to the Board, requesting a "valid" release date.

We believe, however, that the legislature did not intend that a prisoner serving consecutive life sentences imposed under pre-Code law be provided with a fixed release date. While courts will give sub-

stantial weight and deference to an agency's interpretation of a statute, the agency's interpretation is not binding on the court. (*Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n* (1983), 95 Ill. 2d 142, 152-53, 447 N.E.2d 295, 300.) Although the parties refer to petitioner's life sentences as determinate or definite, we believe they are indeterminate for purposes of section 3—3—2.1. A life sentence under pre-Code law was part of the indeterminate sentencing scheme. (See *People v. Baker* (1981), 98 Ill. App. 3d 71, 75, 423 N.E.2d 969, 972.) It appears from section 3—3—2.1(b) that the legislature did not intend to give prisoners who had received more serious indeterminate sentences the choice between the parole system and a fixed release date. Therefore, we conclude the petitioner falls under section 3—3—2.1(b) and he is not entitled to a fixed release date. *Cf. People v. Wyatt* (1980), 90 Ill. App. 3d 390, 413 N.E.2d 82 (defendant sentenced to 30 to 60 years for murder not entitled to fixed release date).

In any event, the Board did offer a fixed release date to petitioner which he rejected. Even assuming petitioner filed a timely request for reconsideration (Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—2.1(h)(3)), this court does not have jurisdiction to review the Board's decision (Ill. Rev. Stat. 1985, ch. 38, pars. 1003—3—2.1(h)(3), (h)(3)(C)). Finally, contrary to petitioner's assertion, section 3—3—2.1 does not provide a separate and independent method for petitioner to request a release date. Section 3—3—2.1(e) simply sets out the factors to be considered by the Board when it sets a proposed release date. That section does not give petitioner a right to request a release date independent of the Board's duty to offer one under section 3—3—3.1(a).

Since we have determined that petitioner has not been deprived of any liberty interest, we reject petitioner's due process argument.

■ It is petitioner's burden to show that he has a clear legal right to a writ of *mandamus* (*People v. Teschner* (1980), 81 Ill. 2d 187, 194, 407 N.E.2d 49, 52-53), and he has failed to do so in the case at bar. The decision of the circuit court of Johnson County is therefore affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.