NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190863-U

NO. 4-19-0863

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 27, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JAMES TAYLOR, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| VICTOR CALLOWAY, Warden, Danville Correctional | ) | No. 13MR241 |
| Center, | ) | |
| Defendant-Appellee. | ) | Honorable |
| | ) | Mark S. Goodwin, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding plaintiff's constitutional claims are (1) procedurally forfeited by his failure to include them in his *pro se* petition for writ of *habeas corpus* and (2) improper grounds for *habeas corpus* relief.

¶ 2    Plaintiff, James Taylor, appeals from the trial court's November 2019 order dismissing his *pro se* petition for writ of *habeas corpus* pursuant to the Habeas Corpus Act (Act) (735 ILCS 5/10-101 *et seq.* (West 2012)).

¶ 3    On appeal, plaintiff argues the trial court denied him his constitutional right to due process when it dismissed his petition for *habeas corpus* and subsequent motion to amend without "fully apprising the parties on plaintiff's motion, or the issue therein, or allowing plaintiff the opportunity to be heard." Plaintiff further argues the court's November 2019 order rests on "doubtful, improbable and unsatisfactory evidence." We affirm.

¶ 4                                    I. BACKGROUND

¶ 5            This court previously set forth all the relevant facts in this case. See *Taylor v.*

*Brannon*, 2015 IL App (4th) 140665-U; see also *Taylor v. Calloway*, 2019 IL App (4th)

180612-U. We recite below only those facts relevant to resolve the issues involved in this appeal.

¶ 6            In November 2013, plaintiff filed a *pro se* complaint for relief under the Act (735

ILCS 5/10-101 *et seq.* (West 2012)). Plaintiff, who was sentenced to indeterminate prison

sentences of 100 to 200 years for murder and 6 to 20 years for kidnapping in October 1976,

alleged, in part, he was entitled to immediate release from prison because he was denied equal

protection under the laws when the General Assembly granted prisoners with lesser sentences the

option to receive a determinate sentence but denied him the same right and, had he been given a

determinate sentence, he would have already completed his sentence. See Ill. Rev. Stat. 1979, ch.

38, ¶ 1003-3-2.1(b) ("No release date under this Section shall be set for any person sentenced to

an indeterminate sentence under the law in effect prior to the effective date of this Amendatory

Act of 1977 in which the minimum term of such sentence is 20 years or more.").

¶ 7            In September 2019, the State filed an answer to plaintiff's complaint, arguing, in

part, plaintiff failed to identify any postconviction event which warranted his immediate release

from custody. Contrary to plaintiff's assertions, the State argued section 3-3-2.1 of the Unified

Code of Corrections (Unified Code) (730 ILCS 5/3-3-2.1 (West 2012)) "did not invalidate

[plaintiff's] indeterminate sentence because the legislature expressly chose to preserve it." The

State further argued plaintiff's ineligibility for a determinate sentence did not violate his due

process or equal protection rights as "[p]laintiff is not a member of a suspect class."

¶ 8            On October 7, 2019, plaintiff filed a response to the State's answer, arguing the

claims in his petition for *habeas corpus* "were predicated upon civil proceedings rather than

criminal proceedings, therefore plaintiff [did] not need to rely on a post-conviction event for viability on his civil claims." Plaintiff further asserted the "Prisoner Review Board Statute 3-2.1(b) was unconstitutionally amended" and deprived him of "the possibility of being sentenced under the Class X determinate sentence law for murder ***." The following day, plaintiff filed a motion requesting the trial court grant him leave to amend his petition to include an as-applied challenge concerning "the alleged unconstitutional undertaking by the Illinois Legislator [*sic*] in regards to the *** enactment of Prisoner Review Statute 730 ILCS 5/[3]-3-2.1(b)."

¶ 9        On November 7, 2019, the trial court held a hearing by telephone. The record contains no transcript of the hearing. A docket entry from that day provides the court dismissed plaintiff's petition for writ of *habeas corpus*, "[a]fter consideration of the written pleadings by the Court, including Plaintiff's additional theory of recovery included in his Motion for Leave to Amend." The trial court subsequently entered a written order dismissing plaintiff's complaint.

¶ 10        In January 2020, plaintiff filed a "Bystander's Report in Lieu of Transcript's." Plaintiff asserted he appeared for a telephone hearing on November 7, 2019, and alleged the trial court dismissed his petition for writ of *habeas corpus* before "afford[ing] plaintiff *** any opportunity to respond, or speak on his own behalf in defense of his rights."

¶ 11        This appeal followed.

¶ 12                            II. ANALYSIS

¶ 13        On appeal, plaintiff argues he was denied his constitutional right to due process when the trial court dismissed his *pro se* petition for writ of *habeas corpus* and motion to amend without "fully apprising the parties on plaintiff's motion, or the issue therein, or allowing plaintiff the opportunity to be heard." Plaintiff further argues the court's November 2019 order

rests on "doubtful, improbable and unsatisfactory evidence." These arguments were absent below. Accordingly, plaintiff's claims are forfeited, and we need not address the merits of his appeal. *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536, 662 N.E.2d 1248, 1253 (1996) ("It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal.").

¶ 14　　　　Notwithstanding plaintiff's forfeiture, plaintiff's petition for writ of *habeas corpus* does not fall within the recognized categories for which such relief may be granted. The Act sets forth seven grounds upon which a prisoner may attain *habeas* relief. 735 ILCS 5/10-124 (West 2012). Our supreme court summarized these seven grounds, noting *habeas* relief is available in only two situations: (1) the trial court lacked jurisdiction over the prisoner and (2) an occurrence after the conviction entitles the prisoner to release. *People v. Gosier*, 205 Ill. 2d 198, 205, 792 N.E.2d 1266, 1270 (2001); see also *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430, 704 N.E.2d 350, 351 (1998) ("It is well established that a writ of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court which lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction which entitled him to release."). A petition seeking *habeas* relief may not be used to permit review of proceedings which do not fall within these categories, "even though the alleged error involves a denial of constitutional rights." *Barney*, 184 Ill. 2d at 430; see also *People v. Purnell*, 356 Ill. App. 3d 524, 528, 825 N.E.2d 1234, 1238 (2005). We review *de novo* the trial court's denial of a petition for writ of *habeas corpus*. *Hennings v. Chandler*, 229 Ill. 2d 18, 24, 890 N.E.2d 920, 923 (2008).

¶ 15　　　　Here, plaintiff failed to meet either standard for *habeas corpus* relief. Plaintiff makes no argument as to how the trial court lacked either subject matter or personal jurisdiction.

Nor does he demonstrate any postcommitment occurrence entitling him to immediate release. Rather, plaintiff baldly asserts the trial court erroneously dismissed his petition for writ of *habeas corpus* because "[t]he original trial (sentencing) court did not have the subject matter jurisdiction to hear, or determine plaintiff's request for Habeas Corpus relief," and "plaintiff's claims were predicated upon civil proceedings rather than criminal proceedings, therefore plaintiff did not need to rely on [a] Post-Conviction event for viability on his civil claims."

¶ 16 Even if we were to address plaintiff's allegation section 3-3-2.1(b) of the Unified Code (730 ILCS 5/3-3-2.1 (West 2012)), enacted after he was sentenced, unconstitutionally denies him his right of equal protection by denying him the option of seeking a determinate sentence as given to other prisoners with lesser sentences, plaintiff fails to demonstrate he is entitled to relief. Section 3-3-2.1(b) provides, "No release date under this Section shall be set for any person sentenced to an indeterminate sentence under the law in effect prior to the effective date of this amendatory Act of 1977 in which the minimum term of such sentence is 20 years or more." 730 ILCS 5/3-3-2.1(b) (West 2012). As discussed above, plaintiff was sentenced to an indeterminate sentence of 100 to 200 years, and plaintiff readily concedes "[he] is a member of an unprotected class that was classified under Prisoner Review Board Statute 3-2.1(b)." Accordingly, section 3-3-2.1(b) expressly prohibited the Prisoner Review Board from setting a fixed release date for plaintiff. See *People ex rel. Stringer v. Illinois Prisoner Review Board*, 163 Ill. App. 3d 1100, 1102, 517 N.E.2d 283, 284 (1987). As plaintiff was not eligible to receive a fixed release date under section 3-3-2.1(b), he remained sentenced to an indeterminate term of 100 to 200 years. See *Heirens v. Illinois Prisoner Review Board*, 162 Ill. App. 3d 762, 767, 516 N.E.2d 613, 616 (1987) ("[T]he legislature did not intend to give prisoners who had received more serious indeterminate sentences the choice between the parole system and a fixed release

date."). Because we may affirm the trial court's decision to deny a *habeas corpus* petition on any basis supported by the record, we hold the trial court did not err in denying plaintiff's *pro se* petition for writ of *habeas corpus*. See *Beacham v. Walker*, 231 Ill. 2d 51, 61, 896 N.E.2d 327, 333 (2008).

¶ 17                                    III. CONCLUSION

¶ 18            We affirm the trial court's judgment.

¶ 19            Affirmed.